SOWIN ASSOCIATES *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF SOUTH WINDSOR ET AL.
(8279)

DUPONT, C. J., NORCOTT and FOTI, Js.

Argued June 11—decision released September 25, 1990

*Richard M. Rittenband,* town attorney, with whom, on the brief, was *Ralph J. Alexander,* for the appellants (defendants).

*Thomas F. Parker,* for the appellee (plaintiff).

FOTI, J. The defendants[1] appeal from the judgment of the trial court sustaining the plaintiff's challenge to the denial of an application for the approval of a subdivision.

The plaintiff applied to the defendant planning and zoning commission (commission) for the approval of a proposed eleven lot subdivision. The land to be developed is a ten acre parcel that is located in an AA-30

---

[1] The named defendants in this action are the South Windsor planning and zoning commission, the South Windsor town clerk, and the town of South Windsor.

residential zone. The plaintiff's application proposed a one road subdivision that would end in a cul-de-sac and contain eleven single-family dwellings.

The commission held a public hearing on the plaintiff's application. The plaintiff presented a traffic engineer at the hearing who testified and submitted a written report. The engineer stated that the location of the proposed street conforms with state department of transportation standards, and that the proposed street would empty onto Foster Street approximately 350 feet from the intersection of Foster Street and Ellington Road to the west and 330 feet from another intersection that is controlled by a three way stop sign to the east. The engineer also stated that the traffic generated by eleven homes would be minimal. He further reported that in order to achieve the required line of sight distances to the closest intersections, it would be necessary to remove existing arborvitae shrubs on either side of the entrance to the proposed street. He did not believe, however, that it would be necessary to remove two large oak trees at the same location.

Members of the public also testified at the hearing. Those opposed to the subdivision plan voiced concern over traffic congestion on the surrounding streets at peak hours and speeding cars on Foster Street. A petition was presented to the commission bearing thirty-four signatures in opposition to the plaintiff's application.

After all testimony was heard, the members of the commission discussed the plaintiff's application. The record shows that the commission's discussion focused on the following: the preservation of trees on the site; the status of an undeveloped strip of land abutting the plaintiff's property to the west that is to be developed into Felt Road at some indefinite future date; the town

engineer's approval of the subdivision; the possible loss of a specific tree; offsite traffic; and the possibility of having the plaintiff add a street stub out of the subdivision that could eventually connect with Felt Road if and when that street is developed.

The commission then rejected one member's motion to approve the plaintiff's application conditionally. After this motion was rejected, the commission members again discussed the effects of offsite traffic, access to Felt Road and drainage problems on Foster Street. A motion to deny the application was then presented, seconded and voted on. The commission members denied the plaintiff's application three votes to one vote.

The commission notified the plaintiff that its application had been denied because of "traffic congestion and safety concerns on Foster Street in the area of the proposed subdivision, and the increase in congestion expected from the proposed subdivision."

The plaintiff appealed the commission's denial of its application to the Superior Court. The trial court sustained the plaintiff's appeal, finding that the application should have been approved because the record did not support the commission's decision and because the proposed site conforms to all of the town subdivision regulations.

The defendants petitioned for certification to this court claiming that the trial court improperly concluded (1) that the record did not support the reasons cited by the commission for its denial, and (2) that the proposed subdivision met all of the applicable regulations.[2] We granted certification and now affirm the judgment of the trial court.

[2] The defendants claim, as an additional issue, that the court "correctly concluded that the Commission may use its own knowledge of the [traffic congestion in the] area in making its decision." We will not review this

The defendants first claim that the trial court improperly concluded that the record does not support the commission's denial of the plaintiff's application. The defendants specifically assert that the personal knowledge of the commission members, the testimony of area residents and three specific sections of the town subdivision regulations prove that offsite traffic concerns provide a sufficient basis for the denial of the plaintiff's application.

When a municipal planning commission considers the approval or disapproval of a subdivision plan, it is acting in an administrative capacity rather than in a legislative capacity. *Reed* v. *Planning & Zoning Commission,* 208 Conn. 431, 433, 544 A.2d 1213 (1988). "The planning commission, acting in its administrative capacity herein, has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance." Id.

" 'The designation of a particular use of property as a permitted use establishes a *conclusive presumption* that such use does not adversely affect the district and *precludes further inquiry into its effect on traffic, municipal services, property values, or the general harmony of the district.'* " (Emphasis added.) *TLC Development, Inc.* v. *Planning & Zoning Commission,* 215 Conn. 527, 532–33, 577 A.2d 288 (1990).

The land in question in the present case was zoned AA-30, and thus designated for residential use. The subdivision plan that was submitted to the commission was for eleven single-family dwellings to be placed on eleven

claim for two reasons. First, it is difficult to imagine why the defendants would appeal an issue that they state the court correctly determined. Second, in light of our conclusion that offsite traffic may not be considered when weighing the approval of a proposed subdivision in an area that has already been zoned for that use, the commission's use of personal knowledge of the traffic in the area is not relevant.

lots that average nearly one acre each. Applying the conclusive presumption set forth in *TLC Development, Inc.* v. *Planning & Zoning Commission,* supra, we must conclude that because the plaintiff's land is located in a residential zone and its plan was to use the property for residential purposes, the commission could not weigh offsite traffic concerns, municipal services required by the development, property values, or the general harmony of the district when deciding whether to approve the plaintiff's subdivision application.

We distinguish this case from our recent decisions in *Dram Associates* v. *Planning & Zoning Commission,* 21 Conn. App. 538, 574 A.2d 1317, cert. denied, 215 Conn. 817, 576 A.2d 544 (1990), and *Central Bank for Savings* v. *Planning & Zoning Commission,* 13 Conn. App. 448, 537 A.2d 510 (1988), and the line of cases relied upon by the defendants, where offsite traffic considerations were permitted. Those cases deal with a change of zone rather than the approval or denial of a subdivision permit. When a local zoning authority enacts a zone change, it is acting in a legislative capacity. *Wisniewski* v. *Zoning Board,* 6 Conn. App. 666, 667, 506 A.2d 1092 (1986). When acting in its legislative capacity, a commission has broad discretion and is entitled to take into consideration facts learned through personal knowledge or observation in order to develop responsible planning for the present and future development of the community. *Central Bank for Savings* v. *Planning & Zoning Commission,* supra, 453–54.

As noted above, in a case such as this, where a commission is weighing the approval or disapproval of a subdivision plan, in a zone that permits the proposed use, the commission may not look beyond the question of whether the plan satisfies the town subdivision regulations. See *Reed* v. *Planning & Zoning Commission,*

supra, 433. Thus, we can uphold the commission's denial of the plaintiff's application only if, as the defendants claim in the second issue raised, the record before us indicates that the subdivision plan submitted by the plaintiff does not satisfy the town subdivision regulations.

The defendants direct us to three sections of the town subdivision regulations to support the commission's denial of the plaintiff's application. They argue that the plaintiff's plan does not conform to the town or the state health and public safety regulations as required in §§ 2.1 and 2.2 of the town subdivision regulations. The defendants further assert that the proposed plan will not be in harmony with existing or proposed arterial streets as required by § 2.5 of the regulations.

Subdivision regulations cannot be too general in their terms and must contain known and fixed standards that apply to all similar cases. *Sonn* v. *Planning Commission,* 172 Conn. 156, 159–60, 374 A.2d 159 (1976). A commission's regulations must be reasonably precise in subject matter and reasonably adequate and sufficient to give both the commission and those affected by its decision notice of their rights and obligations. *American Power & Light Co.* v. *Securities & Exchange Commission,* 329 U.S. 90, 105, 67 S. Ct. 133, 91 L. Ed. 103 (1946); see *Sonn* v. *Planning Commission,* supra, 159.

General policy statements gleaned from subdivision regulations regarding compliance with public health and safety regulations do not provide a sufficient basis for rejection of a subdivision permit. *TLC Development, Inc.* v. *Planning & Zoning Commission,* supra, 530 n.2. Furthermore, the conclusive presumption set forth in *TLC Development, Inc.,* precludes a commission's reliance on a proposed subdivision's failure to coincide with the general harmony of the district. Id., 533.

Our further search of the record in this case[3] fails to disclose any failure by the plaintiff to comply with any substantive provision of the town's subdivision regulations.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] The defendants rely solely on offsite traffic considerations to support their claim. Because we have already established that offsite traffic is not a valid concern when the proposed use is allowed within the designated zone, we have taken the initiative to search the record for further support of the defendants' claim. See *Kaeser* v. *Conservation Commission,* 20 Conn. App. 309, 311, 567 A.2d 383 (1989).