SOWIN ASSOCIATES *v.* CONSERVATION AND INLAND WETLANDS COMMISSION OF THE TOWN OF SOUTH WINDSOR ET AL.
(8192)

DUPONT, C. J., NORCOTT and FOTI, Js.

Argued June 11—decision released September 25, 1990

---

*Richard M. Rittenband,* town attorney, with whom, on the brief, was *Ralph J. Alexander,* for the appellants (defendants).

*Thomas F. Parker,* for the appellee (plaintiff).

FOTI, J. The defendants[1] appeal from the judgment of the trial court sustaining the plaintiff's challenge to the defendant conservation and inland wetlands commission's denial of the plaintiff's application for approval of a conservation plan submitted in connection with the plaintiff's subdivision application.

The facts relating to the plaintiff's underlying application for the approval of an eleven lot subdivision can be found in *Sowin Associates* v. *Planning & Zoning Commission,* 23 Conn. App. 370, 580 A.2d 91 (1990) (*Sowin I*). In *Sowin I,* we upheld the trial court's reversal of the planning and zoning commission's denial of the plaintiff's subdivision application.

The genesis of the present case is the denial, without prejudice, of the plaintiff's permit application by the conservation and inland wetlands commission of the town of South Windsor. The commission denied the permit for two reasons. It first stated that it is the commission's policy not to act on applications that have already been refused by the planning and zoning commission.[2] The commission's second stated reason for denial was its concern with questions of well contamination and the possible presence of rare flora on the proposed subdivision site that were raised by abutting neighbors at the planning and zoning commission's public hearing.

---

[1] The defendants in this action are the South Windsor conservation and inland wetlands commission and the town of South Windsor.

[2] We need not decide whether this is a proper reason for the commission's refusal to review the permit application because our decision in *Sowin I* rules out the commission's use of this reason.

The plaintiff appealed the commission's denial of its application to the Superior Court. The trial court sustained the plaintiff's appeal, finding that there was no basis on the record for the commission's denial. The trial court further ordered that the permit should be approved because the application complied with all of the commission's regulations.

The defendants sought and were granted certification by this court to review the trial court's decision. It is not necessary, however, for us to reach the merits of this appeal. In light of our decision in *Sowin I* affirming the trial court's judgment determining that the planning and zoning commission should have approved the plaintiff's subdivision application, we now reverse the decision of the trial court in this case and order that it be remanded for further consideration in accord with *Sowin I.*

The judgment is reversed and the case is remanded to the trial court with direction to remand the case to the defendant conservation and inland wetlands commission for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.