[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the defendant Lebanon Planning and Zoning Commission's denial of the plaintiff Kelley Property Development, Inc.'s (Kelley) application for subdivision.
On September 2, 1988, plaintiff Kelley purchased 573 acres of land within the towns of Lebanon and Colchester for the purpose of constructing a residential subdivision.
On May 9, 1989, plaintiff Kelley submitted a subdivision application for 305 of these acres to the defendant Planning and Zoning Commission. In its application Kelley proposed that 91 of the 305 acres, which land was comprised of a lake, two ponds, some wetlands and some drylands, be dedicated as open space lands. (R.O.R. Item 19). This proposed open space land exceeded the Planning and Zoning Commission's subdivision regulation 6.8 (R.O.R. Item 65) requirement that 10 percent of land in a subdivision be dedicated as open space.
On September 5, 1989, defendant held a public hearing on plaintiff's subdivision application, which hearing was continued to and completed on September 27, 1989. Notice of the hearing was published on August 25, 1989 and again on CT Page 845 September 1, 1989. (R.O.R. Item 2a) in compliance with the notice requirements of Connecticut General Statutes section 8-26 (rev'd to 1989).
On November 29, 1989, the defendant Planning and Zoning Commission denied plaintiff's subdivision application, stating that the open land proposal was inadequate because of an insufficiency of dry land. (R.O.R. Item 1g). On December 8, 1989, the plaintiff received legal notice of the denial, notice of which was published on December 9, 1989. (R.O.R. Item 2c) in compliance with the notice requirements of Connecticut General Statutes section 8-26.
Plaintiff Kelley's appeal of defendant Planning and Zoning Commission's decision was both served on the defendant and filed with the court on December 18, 1989. The plaintiff complied with Connecticut General Statutes section 8-8
requiring that an aggrieved party "take an appeal" within fifteen days of the decision. The appeal is timely.
Connecticut General Statutes section 8-26 authorizes the defendant commission to "approve, modify and approve, or disapprove any subdivision or resubdivision application. . . ."
The owner of property whose application for a subdivision is denied is aggrieved. Bossert Corporation v. Norwalk, 157 Conn. 279, 285 (1968). Plaintiff has submitted an uncertified copy of the executor's deed granting title in the property to him. (R.O.R. Item 46).
This court has jurisdiction to hear this appeal.
A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. See Frito-Lay, Inc. v. PZC, 206 Conn. 554, 572-73 (1988). The court is only to determine whether the zoning commission has acted illegally, arbitrarily, or in abuse of its discretion. Id. at 573. The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Primerica v. PZC, 211 Conn. 85, 96 (1989). The burden of proof to demonstrate that the commission acted improperly is upon the plaintiff. Burnham v. PZC, 189 Conn. 261, 266
(1983).
"It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." (Citations omitted.) Lamb v. Burns, 202 Conn. 158,172 (1987) (quoting Mathews v. F.M.C. Corporation, 190 Conn. 700,705 (1983)). In appeals of judicial decisions, the reviewing court "will not consider issues which are brought CT Page 846 for the first time by way of appellant's brief." Robinson v. ITT Continental Baking Co., 2 Conn. App. 308, 314 (1984). However, issues not briefed are considered abandoned. See DeMilo v. West Haven, 189 Conn. 671, 681-82 n. 8 (1983).
Through this appeal the plaintiff alleges that the decision of the defendant Planning and Zoning Commission was arbitrary, illegal and in abuse of its discretion in that: (1) the Planning and Zoning Commission's decision is not supported by the record; (2) the plaintiff complied with all relevant provisions of the Planning and Zoning Commission's subdivision regulations; (3) the defendant Planning and Zoning Commission failed to comply with its own regulations by failing to negotiate with the plaintiff for alternative open space provisions; (4) that the decision of the Planning and Zoning Commission results in an unconstitutional taking of plaintiff Kelley's land.
"The planning commission, acting in its administrative capacity herein, has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance. . . . If it does not conform as required, the plan may be disapproved." (Citations omitted). Reed v. Planning and Zoning, 208 Conn. 431, 433 (1988).
Defendant Planning and Zoning Commission's Subdivision Regulations (R.O.R. Item 65) section 6.8A states that the Planning and Zoning Commission may require the dedication of open space land in any subdivision when it feels that the dedication of this land will protect natural, scenic, historical and/or recreational values. Section 6.8B states in pertinent part: "The mimimum (sic) are (sic) of open space shall be 10% of the total area of the land to be subdivided. . . . Generally such dedication. . .shall be of such size and location as deemed appropriate by the Commission."
Nowhere in these regulations does it state that open space consist of only dry land nor does it state that the land to be dedicated be contained within a residentially zoned area. However, defendant Commission contends section 6.8B which provides that the land must be such that it is "deemed appropriate by the Commission" gives them broad discretion to deny plaintiff's application. Denial of plaintiff Kelley's application for subdivision on this basis is an arbitrary application of defendant Planning and Zoning Commission's zoning regulations.
 Subdivision regulations cannot be too general in their terms and must contain known and fixed standards that apply to CT Page 847 all similar cases. . . . A commission's regulations must be reasonably precise in subject matter and reasonably adequate and sufficient to give both the commission and those affected by its decision notice of their rights and obligations. (Citations omitted).
Sowin Associates v. Planning and Zoning Commission, 23 Conn. App. 370,376 (1990).
The section of the regulations allowing defendant Planning and Zoning Commission to determine whether open space land is appropriate is not reasonably precise nor sufficient to give "those affected by its decision notice of their rights and obligations." Id. The defendant Planning and Zoning Commission cannot use this part of the regulations to deny plaintiff's application.
Thus the only remaining part of the regulation to which plaintiff must comply is the 10 percent requirement of section 6.8B. Because this regulation makes no distinction between "wet" and "dry" land, plaintiff's open land proposal of a combination of "wet" and "dry" land which far exceeds 10 percent of the land in the subdivision satisfies this criteria. The defendant Planning and Zoning Commission's decision is not supported by the record and is in abuse of its discretion and plaintiff's appeal should be sustained.
Plaintiff contends that section 6.8D.3 of defendant Planning and Zoning Commission's subdivision regulations requires that the Planning and Zoning Commission negotiate with the subdivider regarding his open space proposals before making a final determination. Plaintiff further contends that the failure of the Planning and Zoning Commission to negotiate violated this regulation thus rendering Planning and Zoning Commission's denial illegal.
Section 6.8D.3 is a subsection of section 6.8D which is entitled "Fees in-lieu of Open Space" and should therefore be read together. Section 6.8D.1 of the subdivision regulations allows for a fee to be paid by a subdivider instead of dedicating open land within the subdivision whenever that option would be more desirable. Section 6.8D.2 states that at the time the developer files his application for formal approval he will indicate on that application whether he is proposing that land will be dedicated as open land, a fee will be paid or a combination of fee and open land will be offered. Section 6.8D.3 then provides that "(t)he commission shall consider the proposal and make the final CT Page 848 determination after negotiating with the subdivider as to whether land shall be dedicated, a fee be accepted or a combination thereof shall occur." (Emphasis added).
Section 6.8D.3 can be interpreted to apply only in those situations in which a fee is being proposed in lieu of an open space dedication. The requirement to negotiate with the subdivider would only apply in those situations in which the subdivider has proposed a fee in lieu of open space. Section 6.8D.3 would not apply in the present case because the plaintiff never proposed a fee in lieu of the dedication of open lands in his application.
Plaintiff contends that the actions of the defendant Planning and Zoning Commission in denying his application result in an unconstitutional taking of his land. "To constitute a `taking' within (the) constitutional provision, the owner must be excluded from his private use and possession, and an authority exercising a right of eminent domain must assume the use and possession of the land for public purpose." (Citation omitted.) Curry v. Planning and Zoning Commission, 34 Conn. Sup. 52, 61 (1977).
Plaintiff has not been excluded from using his land for other purposes, nor is he prevented from reapplying for approval of a modified subdivision proposal. The actions of defendant Planning and Zoning Commission in denying plaintiff's subdivision application do not rise to the level of a taking as previously defined.
Conclusion
The plaintiff Kelley has complied with all applicable regulations of the defendant Planning and Zoning Commission in his application for subdivision. The defendant Planning and Zoning Commission's denial of plaintiff's application was in abuse of its discretion and plaintiff's appeal is sustained.
J.F. Walsh, J.