[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE AMENDED THIRD PARTY COMPLAINT
At argument the parties stipulated that paragraph 11 of the amended third party complaint could be considered a prayer for relief rather than factual allegations of the complaint. In that context, a motion to strike can be addressed to subsections (ii) and (iii), since a motion to strike can be used to challenge the legal sufficiency of a complaint or cross complaint. Section 152(2) Connecticut Practice Book. Those prayers for relief are based on the concept of indemnification to a party who is secondarily negligent from a party who is primarily negligent, which is an exception to the general rule that there is no right of indemnity among joint tortfeasors. Ferryman v. Groton,212 Conn. 138, 142, 143.
In order for this concept to apply several elements must be proven; which in this case would mean that for Bic Corporation (BIC) to recover as a secondarily negligent tortfeasor against Union Underwear (Union), BIC must allege and prove: (1) Union was negligent; (2) Union's negligence rather than BIC's negligence was the direct and immediate cause of the plaintiff's injury; (3) Union had exclusive control over the situation; and (4) BIC did not know of Union's negligence, had no reason to anticipate it and could reasonably have relied upon Union to act without negligence. Berkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74. A fifth element is required under Atkinson v. Berloni,23 Conn. App. 375, 378; "the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based upon an independent legal relationship." In Atkinson a motion to strike was granted because it did not disclose either a preexisting relationship between the parties or an independent duty owed by the third party defendant to the third party plaintiff, other than the general duty of an individual to behave as a reasonable person. Id, 328, 329. The case relied upon here Malerba v. Cessna Aircraft Co.,210 Conn. 189, indicates that the indemnification concept can apply in a products liability action, but as recognized in Atkinson there was a contractual relationship between the owner and manufacturer of the airplane in Malerba. CT Page 5613
The third party complaint, even if construed most favorably to BIC does not contain the essential allegations for an indemnification claim sufficient to support the prayers for relief in subsection (ii) and (iii). The motion to strike is granted as to those requests only.
Robert A. Fuller, Judge