[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Bridgeport Hydraulic Company, has brought this appeal pursuant to section 8-8 of the General Statutes from a conditional approval made of its subdivision application by the defendant, Shelton Planning Zoning Commission. The plaintiff, Bridgeport Hydraulic Company, proposed to divide its land into three residential building lots and as part of its proposed plan dedicated a portion of the property for open space purposes which complied with and exceeded the minimum requirements of the subdivision regulations. When the defendant approved the subdivision, it placed a condition on the approval requiring conveyance of an additional narrow strip running parallel with the center line of the Far Mill River on one boundary of the property and bordering the three lots to be created. It is from the imposition of that condition that the issues arise in this case.
The plaintiff asserts that the Commission went beyond the scope of its authority under statute and regulations in requiring that condition. For reasons which follow, the appeal is dismissed.
The principal issue involved in this case is whether the legal principle, that a subdivision application must be approved if it meets all ordinance requirements, prevents a planning commission from requiring as a condition of approval an alternative manner of compliance with a requirement to set aside open space. CT Page 10613
Because the court finds that General Statutes, Sec. 8-25
and Shelton Subdivision Regulations, Secs. 2-3-12 and 4-19
expressly grant to the city the discretion to determine location of open spaces, parks and playgrounds in its subdivision approval process "when, and in places deemed proper by the planning commission," it concludes that the city acted within its express statutory authority in requiring land to be set aside in excess of that shown on the plaintiff's application. The court further finds that since the effect of the Commission's condition was to modify the plaintiff's application, it was permitted under section 8-26
of the statutes.
The plaintiff, Bridgeport Hydraulic Company, summed up its reasons for appeal in three prongs:
1. The Commission acted beyond the scope of its own authority under the case law in the State of Connecticut.
2. The condition as imposed was not authorized by the provision of its own regulations.
3. Under the laws of the State of Connecticut and of the United States, the condition represented an unconstitutional exaction of its property rights.
The court's analysis will start with the operative legal principles which govern approval of subdivisions. Section 8-25
of the statutes provides in pertinent part that subdivision regulations of a municipality "may require the provision of open spaces, parks and playgrounds when, and in places, deemed proper by the planning commission, which open spaces, parks and playgrounds shall be shown on the subdivision plan." That is a broad grant of discretion to the planning commission. Section 8-26 of the statutes requires a commission shall either "approve, modify and approve, or disapprove any subdivision" within sixty-five (65) days of the date of application or hearing on the application. The authority to modify an application is expressed in that statute. When read together, each of these two operative statutes governing subdivision approval do permit the planning commission to take the kind of action it took.
Under section 2-3-12 of the City of Shelton's CT Page 10614 Subdivision Regulations, the Commission reserves the right to require "open spaces for parks and playgrounds [to] be established in places deemed proper by the Commission." Furthermore, section 4-19-1 of the Regulations explains that the open land shall be deeded to the City, conveyed as a conservation easement, or deeded to the Shelton Land Trust or other appropriate organization. Additionally, section 4-19 provides in pertinent part that (1) "In subdivisions proposed for residential development, open spaces for parks and playgrounds shall be provided as deemed necessary and in places deemed proper by the Commission." (2) "Land shown on the subdivision plan as open space for parks and playgrounds shall be of such size, location, shape, topography and general character as to be suitable to satisfy the needs determined by the Commission." (3) The Commission, in requiring the provision of open space, shall give due consideration to the existing public spaces in the vicinity of the subdivision, and the preservation of existing natural features. . . ." The record indicates that Shelton had previously created a linear park on other portions of the banks of the Far Mill near the site of the plaintiff's subdivision. The record also shows that this Commission was concerned with protecting recreational trout fishing at the stream. It also shows the modification was imposed to provide recreational access and use of this stream. It reveals that a similar land dedication requirement had been imposed on nearby residential land. In light of the record, the provisions of the enabling statute and Shelton's Subdivision Regulations, it is clear to this court that Shelton's Planning Zoning Commission has the discretion to require Bridgeport Hydraulic to provide open space in addition to and elsewhere than as shown on the applicant's proposed subdivision plan. "To the extent that by zoning regulations a municipality may limit the uses to be made of property generally, it may also . . . limit the exercise of riparian rights." Poneleit v. Dudas, 141 Conn. 413,417. The court holds that the plaintiff has not shown that the Commission acted illegally, arbitrarily or in abuse of its discretion in doing so.
The plaintiff cites a body of case law which is expressed in Reed v. Planning Zoning Commission, 208 Conn. 431, 433, standing for the proposition that in acting on a subdivision application, a planning commission acts in an administrative and not a legislative or quasi judicial capacity, and therefore has no discretion in rendering its decision but to CT Page 10615 approve the application if it conforms to the Regulations. However, an exception to that general rule must be drawn where provision for open space land is concerned. To find otherwise would impermissibly confer on the applicant the discretion which General Statutes, Sec. 8-25 and the Shelton Subdivision Regulations expressly confer on the Commission to determine when and where open space lands will be required and located. "Planning commission recommendations for recreational purposes, for controlling the density of population and for parks and playgrounds would be of little value if, as open spaces are built upon, reasonable provision to accomplish these purposes could not be required." Aunt Hack Ridge Estates, Inc. v. Planning Commission, 160 Conn. 109, 114.
The plaintiff also relies on the case of Sowin Associates v. Planning Zoning Commission, 23 Conn. App. 370 for the proposition that by the zoning of a district for particular purposes it establishes a conclusive presumption that such use does not adversely affect the district and "precludes further inquiry into its effect on traffic, municipal services, property values, or the general harmony of the district." Id., 374. (Emphasis in original.) The short answer to this contention is that by its very terms this line of cases does not address the statutory right a planning commission has to designate open space lands. Sowin was a case involving denial of subdivision approval in a zone where residential uses were already authorized, based on generalized off-site conditions, whereas the case before the court involves one of granting of approval, albeit with a condition of land dedication which the plaintiff finds objectionable. There is a difference between denying subdivision approval based on off-site concerns, the effect of which was contemplated when the zoning district boundary was set, and approving a subdivision with a condition modifying the applicant's submission in a way the enabling statute permits.
The plaintiff also suggests that a planning commission does not have the power to make a conditional approval of a subdivision. The case of Moscowitz v. Planning Zoning Commission, 16 Conn. App. 303, 307 held only that a planning commission did not have the authority to condition a subdivision approval by restricting future subdivisions of the land shown on the plan. In Moscowitz, the Appellate Court recognized, however, that the planning commission has the statutory authority to "modify" a plan. Id., 308; and that if CT Page 10616 the effect of a condition is to modify an application presented in a way that section 8-26 permits, then it will pass muster, regardless of whether the term "modify" or the word "condition" is used. The effect of the imposition of the condition by the Shelton Planning Commission is to exercise a power granted to it under sections 8-25 and 8-26 of the statutes and its own subdivision regulations to determine the location of required open space lands, and to condition its approval on the modification of the applicant's proposed map to comply with that ruling.
Having found that the defendant, Shelton Planning Commission, had both the express statutory and regulatory authority to act as it did, the court will now take up the plaintiff's remaining contention that the exercise of such power was unconstitutional.
After a pretrial motion to dismiss the second count of plaintiff's administrative appeal claiming money damages was argued before the court based on lack of jurisdiction, but before a decision was was rendered, the plaintiff agreed with the defendant to amend its prayer for relief, and eliminated its claim for money damages.
However, at the time the administrative appeal was tried, although the plaintiff claimed in its brief that there had been an unconstitutional taking in violation of theFifth Amendment to the United States Constitution and article I, section 11 of the Connecticut Constitution, the plaintiff conceded at oral argument that it was not asking the court to find a taking because that would be premature. The court, therefore, does not decide whether or not there has been a taking. There is no evidence before the court that the effect of the Commission's condition is to deprive the plaintiff of practically all use of its premises, and thereby result in a taking. See Dooley v. Town Plan Zoning Commission,151 Conn. 304. Nor is there any evidence of the amount of any loss suffered by the owner which is the fundamental consideration in determining whether the government has in fact exceeded its police power. See Luf v. Southbury,188 Conn. 336, 349. Evidence of one or the other is necessary in determining whether a taking has occurred. Evidence of one or the other would be required to make out a claim of unconstitutionality of the open-space dedication provision of the ordinance "as applied" as opposed to a "facial" attack on CT Page 10617 the ordinance itself.[1]
The plaintiff's remaining contention is that under the laws of the United States and the State of Connecticut, the condition represented an unconstitutional exaction of property rights. The general rule under our zoning cases is that a party which has sought to avail itself of a zoning ordinance by making an application thereunder is precluded in the same proceeding from raising the question of its constitutionality. See, J M Realty Co. v. Norwalk, 156 Conn. 185, 191 (claim that special act authorizing approval of subdivisions unconstitutional for lack of standards could not be raised by applicant on appeal by applicant who applied under that act); St. John's Roman Catholic Church Corporation v. Darien,149 Conn. 712, 717-718 (an appeal from a special permit denial could not incorporate a constitutional attack on the ordinance provisions governing the issuance of the permit but the same issue could be raised in an independent proceeding); Strain v. Zoning Board of Appeals, 137 Conn. 36, 37-38 (lack of standards in an ordinance under which appellant applied for variance cannot be subject of constitutional attack in the appeal from the denial). Requiring the plaintiff to proceed independently in a separate action to challenge the constitutionality of a statute or ordinance under which it applied "serves the important policy of `ensur[ing] that all affected landowners will be provided with an opportunity to become involved in the proceedings.'" Spero v. Zoning Board of Appeals, 217 Conn. 435, 446.[2]
The court, therefore, does not decide the plaintiff's claims of facial unconstitutionality raised in this proceeding. Bierman v. Planning Zoning Commission,185 Conn. 135, 139. If the plaintiff wishes to raise them, it can do so only in an action separate from this administrative appeal.
Furthermore, since the issues of a "taking" or any "damages" resulting from any such taking found are not before the court in this proceeding, no determination is made in this case about them.
For all these reasons, the plaintiff's appeal is dismissed.
Flynn, J. CT Page 10618