[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (#115, 115.01, 116)
After hearing held on plaintiff's motions and defendant's objection thereto as above numbered, it is hereby Ordered: as to motion for new trial and/or to reargue, denied; as to objection to motion for new trial and/or to reargue, sustained; for the following reasons:
The thrust of the plaintiff's argument that the court should reconsider its decision is that "[g]eneral policy statements gleaned from subdivision regulations regarding compliance with public health and safety regulations do not provide a sufficient basis for rejection of a subdivision permit." Sowin Associatesv. Planning Zoning Commission, 23 Conn. App. 370, 376 (1990). Whatever merit such principle may have, it is not applicable in the instant context. The Middletown regulations expressly state that an application may be denied if it fails to conform to the purposes and requirements of the regulations. The regulations include a provision regarding "safe and convenient intersections," which provision is among the considerations statutorily governing the scope of subdivision regulations. Sec.8-25, Conn. Gen. Stat. The safety of a proposed subdivision intersection is a permitted and appropriate consideration and not, as the plaintiff urges, a general policy objective. The applicable language of the regulation is "as reasonably precise as the subject matter requires" and an adequate and sufficient guide to those affected. Forest Construction Co. v. Planning CT Page 5404Zoning Commission, 155 Conn. 669, 679-80 (1967).
GAFFNEY, J.