[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter involves an appeal by the plaintiff BHC Company from a decision of the Shelton Planning and Zoning Commission (hereinafter "the TPZ") denying the plaintiff's application for a resubdivision of a lot from one lot to two. The parcel in question had previously been approved as an oversized single lot in connection with an earlier application for a larger subdivision. The plaintiff then decided to return to the TPZ for a permit to make two lots out of the previously approved single lot. In preparation for the hearing, the plaintiff received the approval of its plans from the involved agencies regarding conformity with regional planning and health concerns. However, after hearing the TPZ denied the application basing their decision upon the authority given to them under the provisions of Section 24.11 of the Zoning Regulations that the proposed development as to those two lots was "not in the best interest of the City of Shelton. The plaintiff contends that such a determination without a definitive explanation of the plans' shortcomings is illegal.
Preliminarily the court notes that the parties have stipulated that the plaintiff is an aggrieved party and thus has standing to prosecute the appeal.
The application in question concerned a proposed subdivision which created an interior lot. The City of Shelton had in its regulations set out specific requirements for the development of interior lots (Sec. 24.11 containing six standards). The record reflects that the applicant met all six of these standards in its proposal but the TPZ exercised the discretion given to them under the regulation and determined that the proposal was not "in the best interests of the Town of Shelton." The record is devoid of any explanation on the part of the TPZ as to the basis of this conclusion. The application as submitted by the plaintiff concerned a use of the property in question which was permitted by the Zoning Regulation and those regulations established certain standards to be met by the applicant. The designation of a particular use of property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect upon CT Page 7877 the general harmony of the district.
Beit Havurah v. Zoning Board of Appeals, 177 Conn. 440, 443. Sowin Associates v. Planning and Zoning Commission,23 Conn. App. 370, 374-5. General policy statements gleaned from subdivision regulations regarding compliance with public health and safety regulations do not provide a sufficient basis for rejection of a subdivision permit. TLC Development, Inc. v. Planning and ZoningCommission, 215 Conn. 527, 532.
The presumption that the application conforms with a permitted use is not overcome by a general conclusion that the proposed use is not in the best interests of the community and as a basis for the denial of the application.
The court concludes that the record and the applicable law was not in support of the TPZ's denial of the plaintiff's application and accordingly, the appeal is sustained.
George W. Ripley II Judge Trial Referee