[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff William T. Esposito has instituted this appeal seeking to reverse the decision of the defendant, Hamden Planning and Zoning Commission which amended the Zoning Regulations. The plaintiff contends the decision adversely affects his property interest, and it constitutes spot zoning which is not in harmony with the town comprehensive plan. CT Page 15903
The plaintiff is the owner of abutting land. Connecticut General Statutes § 8-8b defines an aggrieved person to include the owner of land that abuts or is within a radius of 100 feet. The plaintiff as an abutting landowner is statutorily aggrieved and has standing to maintain this appeal. McNally v. Zoning Commission, 225 Conn. 1 (1993); Caltabianav. Planning and Zoning Commission, 211 Conn. 662 (1989).
The defendant Whitney Towers, LLC is the owner of property located at 2405 Whitney Avenue in Hamden, Connecticut. The property is presently an eight story residential complex which has a height of 75 feet. On or about September 30, 1999, Whitney Towers filed an application to amend the Hamden Zoning Regulations to allow for an Extended Stay Hotel as a use permitted in the B-2 zone, subject to the special permit criteria provided for in the Regulations. The application filed was subject to the following conditions:
a. Extended Stay Hotel shall be located on Whitney Avenue between Dixwell Avenue and Colonial Drive.
b. The minimum room size of each unit shall be no less than 320 square feet.
c. The maximum height can be increased above that which is required in a B-2 District to the height of any structure existing on the same lot or on any adjoining lot.
d. The units shall be designed in such a fashion that they reflect the intended use for transient lodgers and not for permanent accommodations.
The proposed use of the building relates to rentals of the units on a per night basis as opposed to leases for a monthly term. This use would make provision for visitors to the area to use the rental units for short periods. Parking requirements would provide for one spot per unit which would attract less traffic than a hotel, and it would have limited parking needs. The transient uses of the facility would be within walking distance of numerous restaurants and businesses located within the existing business B-2 District, and it would be beneficial for the town's business community.
The Planning Section of the Planning and Zoning Commission considered the application on October 19, 1999. A vote by the members was four in favor and one against. At a later meeting on January 18, 2000, the record was corrected to show the final vote was three in favor and two opposed.
On November 16, 1999, the Zoning Section of the Planning and Zoning Commission held a public hearing on the application. The plaintiff's CT Page 15904 counsel at that hearing stated the plaintiff owned two properties including property abutting the defendant's property. The plaintiff contended the proposed regulation was an attempt to circumvent previous appeals filed by the plaintiff, and that the application constituted spot zoning, and the proposed regulation was not in keeping with the comprehensive plan of the town.
After the public hearing a motion to approve the proposed amendment was passed by a unanimous vote of the commission.
The plaintiff argues that the change in the regulation constituted spot zoning which was the result of the zoning authority seeking to satisfy the wishes of the owner of a small area for a purpose not allowed in an existing zone. The Supreme court has established a two-prong test to determine if an illegal spot zoning is created. First, the change must concern a small area of land. Second, the change must be out of harmony with the comprehensive plan for zoning. Blaker v. Planning and ZoningCommission, 212 Conn. 471 (1989), Michel v. Planning and ZoningCommission, 28 Conn. App. 314 (1992).
The Planning Administrator for the town reported at both hearings that the application was in keeping with the comprehensive zoning plan and the nature and design for Hamden's town center. When acting in its legislative capacity a commission has broad discretion and is entitled to take into consideration facts learned through personal knowledge or observations in order to develop responsible planning for the present and future development of the community. Savin Associates v. Planning andZoning Commission, 23 Conn. App. 370, 375.
The property which has an eight story residential complex is located in a Business B-2 District. The Planning and Zoning Commission in granting the amendment to the Regulations extended the Special permit Uses to include Extended Stay Hotels. The plaintiff contends this constituted spot zoning. However, the zoning designation was not changed, but the use proposed was added to the uses already provided for in Section 512.3 of the Zoning Regulations. The granting of this amendment is not found to constitute spot zoning because of its benefit and impact on the community as a whole, rather than the specific benefit to the owners of the property.
The commissions determination of whether a change comports with the town's comprehensive zoning plan affords the commission substantial deference. The commission does not engage in spot zoning when it concludes an incremental change in the permitted use of the property was not repugnant to the town's comprehensive zoning plan. Michel v. Planningand Zoning Commission, 28 Conn. App. 314, 320. CT Page 15905
The plaintiff claims the amendment of the Regulations was not in keeping with the comprehensive plan of the town. The existing building is presently operated as a residential complex, and the other uses permitted in that B-2 District as of right include motels and hotels, business establishments and shopping centers. Special Permit Uses include Managed Residential Communities, rooming and boarding houses, nursing homes and rehabilitation facilities as well as expanded shopping centers. These uses all appear to be in harmony with the use of the property as an Extended Stay Hotel. The comprehensive plan is to be found in the scheme of the zoning regulations themselves. First Hartford realty Corp. v.Planning and Zoning Commission, 165 Conn. 533, 542.
The record does not support the claim of the plaintiff that the Planning and Zoning Commission acted illegally, arbitrarily, capriciously and in abuse of its discretion in granting the Amendment to the Zoning Regulations. The approval of the application does not constitute spot zoning, and the permitted use is not out of harmony with the comprehensive plan.
For the foregoing reasons the appeal is dismissed.
Howard F. Zoarski, Judge Trial Referee