[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Michael A. Laux and Marisol R. Laux (hereinafter "Plaintiff') were the owners of property known as 253 Bayberry Lane, Westport, Connecticut. The property is 3.561 acres. Plaintiff is also contract purchaser of an adjacent parcel containing 0.4390 acres. The combined property totals 4.0 acres. The lots are located in AAA (two acre) residential zone. Plaintiff filed two applications with the Defendant Planning Zoning Commission (hereinafter "Commission") for approval of a two lot resubdivision which would create one new building lot.
The first application was submitted on April 7, 1999. At the public hearing, held on June 17, 1999, Plaintiff presented a plan which is substantially as shown on "Re-Subdivision Map Prepared For Michael A. Laux 253 255 Bayberry Lane, Westport, Connecticut." The map is set forth as Exhibit "A" to this Memorandum of Decision.
The new lot, 13A, fronting on Bayberry Lane, consisted of 1.5610 acres connected by a ten foot wide stoop three hundred plus feet long, to a smaller parcel containing 0.4390. The total area of Lot 13A is 2.0 acres.
At a Commission meeting held on July 8, 1999, the members voted 3 Ayes, 3 Nays and 1 Abstention. The tie vote resulted in the disapproval of the subdivision.
The Commission denied the application for the following reasons:
 "1. The application did not comply with § 53-4.1, location of the driveway. The driveway was unsafe and dangerous, better access is needed. A common driveway should be considered.
 2. The proposed lots were not of a shape that the lot fit in with character of this neighborhood of two-acre zoning. The proposal created an undersized lot of 1 1/2 acres with approximately 1/2 acre that was not in proximity to the 1 1/2 acres. This half acre would not be used by the owner of the new lot but would be used by the owner of the lot that is adjacent.
 3. The layout is inconsistent with the intent of the CT Page 2952 subdivision regulation, and § 54-17. The proposed layout does not meet the intent of § 8-25, State Statutes."
This first application was appealed to the Superior Court on August 13, 1999. (Docket No. CV99-0173798 S)
On July 15, 1999, the Plaintiff filed a second application with the Commission for approval of a re-subdivision. With the exception of a newly engineered driveway and sight line, the second application was essentially the same as the prior submission. The shape of the lots were unchanged.
After a public hearing on August 5, 1999, the Commission denied the second application on September 23, 1999. The vote to deny the second application was 5 ayes, 2 nays, and no abstentions.
The Commission set forth the following in support of the denial:
 "1. The layout of the subdivision is not consistent with the intent of the subdivision regulations and 8-25
of the States Statutes. Specifically, the layout does not comply with Section 54-17 of the Westport Subdivision regulations.
 2. The shape of the proposed lot is not consistent with the intent of the Westport Subdivision and Zoning Regulations.
 3. The purpose of the 2 acre zone is to give ample contiguous lot area to separate structures on adjoining lots. The proposed plan does not meet the purpose of the AAA Zone as described in Section 11-1.
 4. No substantial new information was submitted to the Planning and Zoning Commission to justify changing the Commission's previous denial of the subdivision application.
 5. The applicant indicated that the reason for the proposed configuration of the lots was to preserve the "family home." There is no assurance in the existing home will remain; therefore, another configuration of the lots could have been submitted for consideration by the Planning and Zoning Commission. CT Page 2953
 6. The proposed plan is not in keeping with other 2 acre lots in the neighborhood.
 7. The information submitted to the Planning and Zoning Commission regarding the inclusion of a portion of 4 Butternut Lane indicated that this parcel of land wold be used by 4 Butternut Lane."
This decision was also appealed to the Superior Court (Docket No. CV-99-0174799).
On March 20, 2000, the Commission with the consent of the plaintiff, filed a Motion to Consolidate the two cases. The motion was granted on April 3, 2000.
Plaintiff maintains that the two lot re-subdivision conformed in all respects with the subdivision Regulations in effect at the time of the Application, as to area, shape and frontage. Plaintiff claims that the Commission abused its discretion and requests that the Decision be reversed.
The plaintiff's pre-dominant argument is that the Commission, in acting on a subdivision application, is acting in its administrative capacity and has no discretion or choice but to approve a subdivision if it conforms to the regulations.
Plaintiff cites Sowin Associates v. Planning and Zoning Commission ofthe Town of South Windsor, 23 Conn. App. 370, 374 (1990).
 "When a municipal planning commission considers the approval or disapproval of a subdivision plan, it is acting in an administrative capacity rather than in a legislative capacity. Reed v. Planning Zoning Commission, 208 Conn. 431, 433, 544 A.2d 1213 (1988). "The planning commission, acting in its administrative capacity herein, has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance."
This court disagrees with the plaintiff.
Reasons No. 1, 2 and 3 and 6 of the September 23, 1999 (supra) are all based upon the Commission's determination that the atypically shaped lot did not comply with the two acre minimum requirement for the AAA zone.
The Town Planner, in her Memorandum to the Commission dated June 10, CT Page 2954 1999, stated in part "Although this lot is conforming in that it contains the required lot area and rectangle, the Commission should be aware that in essence, the area of the lot to be used for the house and septic system is approximately 1 1/2 acres, since the long strip at the northern side and the area of slopes to the western side would be used rarely; and certainly not used for structures"
The Defendant Commission maintains that Plaintiff's Application did not comply with all the Subdivisions Regulations, and that therefore, the denial was proper. Specifically, the Commission cites Section 11-1 and54-17 of the Westport Subdivision Regulations.
"11-1 PURPOSE
The purpose of the AAA District is to allow single family residences on a minimum two acre lot. The AAA District provisions are intended to encourage very low density development for primarily residential and related purposes in areas served primarily by on-site sewerage facilities."
"54-17 LOTS
The area, shape and frontage of proposed lots shall conform to the Zoning Regulations of the Town of Westport and shall be such shape, size, location, topography and character that buildings can be reasonably constructed in conformity with the requirements of the Zoning Regulations. Lots shall be of such character that they can be occupied and used for buildings purposes without danger to the health and safety of the occupants and the public. Any lot which is found to be unsuitable for occupancy and building by reason of swamps, water of flooding conditions, unsuitable soil, topography, ledge rock or other physical conditions shall be combined with another lot that is suitable or shall be marked "Not an Approved Building Lot" on the subdivision map.
This court finds that the Commission made a reasonable decision based upon the record before it that the application did not meet the two acre minimum lot size requirement in the Zoning Regulation and Subdivision Regulation of the Town of Westport.
To hold that a planning Commission cannot consider a proposal's effect on the provision of municipal services, or the harmony of the district or of traffic, is to ignore the statutory requirements in C.J.S. Section 8-25, to say nothing of sound land use planning in general." Tondro, Connecticut Land Use Regulations, Second Edition, page 225.
"The statement in the text, that the Connecticut courts have denied CT Page 2955 planning and zoning commissions and perhaps other land use agencies the power to consider cumulative impacts when evaluating development proposals, is no longer true since the Supreme Court "clarified" its decision in TLC,[1] which in turn eviscerated Sowin Associates. SeeFriedman v. Planning and Zoning Commission of Rocky Hill, 222 Conn. 262,266, 608 A.2d 1178 (1992); Barberino Realty and Development Corp. v.Planning and Zoning Commission of Farmington, 222 Conn. 607, 610 A.2d 1205
(1992) (citing this text). In its clarification, the court stated that its statement in TLC that a conclusive presumption that there were no adverse off-site impacts of certain developments was only a presumption, and not a conclusive one. Thus, inquiries by land use commissions into off-site impacts were permissible if the town's regulations authorized such inquiries. Since Sowin Associates[2] adopted TLC's conclusive presumption rule before the Supreme Court clarified it, the Supreme Court's subsequent clarification leaves very little for Sowin Associates
to stand for." Tondro Connecticut Land Use Regulations, Second Edition, 2000 Cumulative Supplement, Page 184.
Lot 13A has been characterized by Commission members as a gerrymandered lot. This court considers Lot 13A, with its 1.5610 acres fronting on Bayberry Lane, its ten foot wide three hundred plus feet right of way leading to its 0.4390 acre tail, a tortured lot.
In reality, Lot 13A is a 1 1/2 acre lot in a 2 acre zone.
This court finds that the Commission acted within its discretion in interpreting Section 11-1, and applying its interpretation as a basis for denying the applications.
Plaintiff's appeal is denied.
TOBIN, J.
[EDITORS' NOTE: EXHIBIT A IS ELECTRONICALLY NON-TRANSFERRABLE.]