## NANCY ZAREMBSKI ET AL. *v.* LESLIE B. WARREN ET AL. (10353)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued March 30—decision released June 23, 1992

*George W. Ganim, Jr.,* with whom, on the brief, was *George W. Ganim,* for the appellants (plaintiffs).

*Ronald D. Williams, Jr.,* with whom, on the brief, was *Ronald D. Williams,* for the appellees (defendants).

FOTI, J. The plaintiffs appeal from the judgment rendered for the defendants[1] on this action for a declaratory judgment, a writ of mandamus, an order to show cause, and a temporary and permanent injunction. The plaintiffs challenge certain findings of the trial court, including its finding that article IV, § 4.2.9,[2] of the zoning regulations of the town of Easton is constitutional. We affirm the judgment of the trial court.

The plaintiffs, Darryl and Nancy Zarembski, seek to prevent the enforcement of a zoning regulation that bars Darryl's parents from occupying a caretaker's house located on the plaintiffs' property.

The trial court found the following facts. The plaintiffs filed an application for a building permit to erect

---

[1] The defendants are the zoning enforcement officer, Leslie B. Warren, the planning and zoning commission of the town of Easton, and the building inspector, Carelton Maring.

[2] Article IV, § 4.2.9 provides: "On any lot having not less than 10 acres and on which there is located a residence, an accessory building also located on said lot may be used in whole or in part for residential purposes solely for the housing of no more than three full-time employees of the resident occupant who are employed on the premises in positions customarily relating to any permitted residential use of the premises, provided that members of the family of the current occupant of the principal residence shall not occupy the accessory building as full-time employees. The occupant of the principal residence shall file with the zoning enforcement officer in January of each year such evidence as he may reasonably require to substantiate the employment of the occupant of the accessory building by the occupant of the principal residence. Nothing in this Section shall be construed to permit the use of an accessory building for any residential purpose other than as stated above."

a caretaker's house on their property. At the time of their application, they were aware of the restrictions relating to a family member residing in an accessory building, and they represented on their application that two persons, unrelated to them, would occupy the accessory building as caretakers. Upon completion of the caretaker's house, Stanley and Beverly Zarembski, parents of the plaintiff Darryl Zarembski, occupied the building.

Section 4.2.9 of article IV of the Easton zoning regulations allows the use under certain circumstances of an accessory building as a residence. The regulation is limited in application to accessory buildings that are located with a principal residence on a lot of not less than ten acres. The regulation permits up to three persons to use that building as a residence if the persons are employed full-time by the principal resident in positions customarily related to the residential use of the principal residence. The regulation further provides that members of the family of the current occupant of the principal residence are prohibited from occupying the accessory building as full-time employees.

The building inspector and zoning enforcement officer refused to issue a certificate of occupancy and zoning compliance when they learned that the elder Zarembskis were using the accessory building as their residence. The plaintiffs then unsuccessfully applied to the zoning board of appeals for a variance. Thereafter, the zoning enforcement officer issued a cease and desist order.

After an evidentiary hearing, the trial court found that neither parent was employed full-time on the premises. Stanley Zarembski commutes five days a week to Stamford where he manages a tree and landscaping business. He spends about three hours a day caring for

his son's property. He is not paid for his caretaking services, but lives in the caretaker's house rent free. His wife is employed five days a week in Stamford.

The trial court ruled that the failure to satisfy the regulation by full-time employment was dispositive of the matter, and that the plaintiffs were not entitled to an accessory permit. The trial court, however, also addressed the plaintiffs' constitutional challenge, holding that § 4.2.9 constituted a valid exercise of the zoning power of the town of Easton and, in the alternative, that the plaintiffs had failed to exhaust their administrative remedies.[3]

The plaintiffs first claim that the trial court should not have found that Darryl Zarembski's parents were not full-time employees. When the factual basis of a trial court's decision is challenged, it is our function to "determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *United Electrical Contractors, Inc.* v. *Progress Builders, Inc.,* 26 Conn. App. 749, 752, 603 A.2d 1190 (1992). We do not, however, retry the facts. *Nor'easter Group, Inc.* v. *Colossale Concrete, Inc.,* 207 Conn. 468, 473, 542 A.2d 692 (1988). The factual finding of a trial court on any issue is reversible only if it is clearly erroneous. Practice Book § 4061. " 'The factfinding function is vested in the trial court with its unique opportunity to view the evidence

---

[3] The trial court found that the property potentially could be approved for three lots or could be divided into two lots without subdivision approval. The trial court stated that if the land was subdivided, one lot could be used for the parents' house and the other for the children's house. The trial court reasoned that because the plaintiffs had not exhausted the administrative remedies available to them under the Easton zoning regulations, their claim that the town denied them the right to equal protection was meritless.

presented in a totality of circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties . . . .' *Kaplan* v. *Kaplan,* 186 Conn. 387, 391, 441 A.2d 629 (1982)." *Sportsmen's Boating Corporation* v. *Hensley,* 192 Conn. 747, 750, 474 A.2d 780 (1984). It is not our function to examine the record to see if the trier of fact could have reached a contrary conclusion. *Rodriguez* v. *New Haven,* 183 Conn. 473, 477, 439 A.2d 421 (1981). "In short, we are not permitted to reject a factual finding on appeal merely because we, as a reviewing court, might disagree with the conclusion or would have reached a different result had we been sitting as the factfinders. *Lupien* v. *Lupien,* 192 Conn. 443, 446, 472 A.2d 18 (1984)." *Biggs* v. *Warden,* 26 Conn. App. 52, 56, 597 A.2d 839, cert. denied, 221 Conn. 902, 600 A.2d 1029 (1991).

Our review of the record indicates that the factual findings challenged by the plaintiffs are clearly supported by the evidence. The trial court found that Stanley Zarembski commuted five days a week to Stamford where he managed a business, and worked only approximately three hours a day on his son's property. Therefore, the court concluded that he did not qualify as a full-time employee on the property within the meaning of § 4.2.9.

The plaintiffs argue that because the term "full-time employee" is not defined by the regulation, it is vague and, therefore, unenforceable. We do not agree. " '[W]ords employed in zoning ordinances are to be interpreted in accord with their natural and usual meaning.' *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 153, 543 A.2d 1339 (1988) . . . ." *Silitschanu* v. *Groesbeck,* 208 Conn. 312, 315, 543 A.2d 737 (1988). The court reasonably could have concluded that, in conformity with the definition in our state statutes, the term "full-time employee" means an employee hold-

ing a position that averages a minimum of thirty-five hours per week. General Statutes §§ 5-196 (*l*) and (q),[4] 32-9j (f).[5] Furthermore, the court heard evidence without objection on the meaning of that term. Philip Luckhardt, a member of the commission, testified that the term "full-time" within the meaning of § 4.2.9 meant a forty hour minimum work week. "[I]t is the well established practice of this court to 'accord great deference to the construction given [a] statute by the agency charged with its enforcement.' *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 326, 307 A.2d 155 (1972) . . . ." *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S. Ct. 781, 93 L. Ed. 2d 819 (1986). "This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations." Id., 497. Because we cannot say that the trial court's factual finding was as a matter of law unsupported, incorrect, or mistaken, it is not clearly erroneous. Practice Book § 4061. We must, therefore, affirm the trial court's conclusion that the plaintiffs were not entitled to a variance.

It is unnecessary to review the plaintiffs' constitutional challenge to the regulation because it is nonjusticiable in that there is no practical relief available to the plaintiffs. " 'Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy

---

[4] General Statutes § 5-196 provides in relevant part: "(*l*) 'Full-time employee' means an employee holding a position normally requiring thirty-five hours or more of service in each week. . . . (q) 'Part-time employee' means an employee holding a position normally requiring less than thirty-five hours of service in each week."

[5] General Statutes § 32-9j (f) provides: " 'Full-time employee' means an employee who works a minimum of thirty-five hours per week."

will result in practical relief to the complainant.' *State v. Nardini,* 187 Conn. 109, 111–12, 445 A.2d 304 (1982)." *Pellegrino* v. *O'Neill,* 193 Conn. 670, 674, 480 A.2d 476, cert. denied, 469 U.S. 875, 105 S. Ct. 236, 83 L. Ed. 2d 176 (1984).

The plaintiffs claim that article IV, § 4.2.9, of the town of Easton's zoning regulations should be declared illegal, unconstitutional and unenforceable because it "limits and forbids the occupancy of such accessory building to only those persons unrelated to members of the family currently occupying the principal residence." The plaintiffs do not claim that the regulation is unconstitutional because it requires occupancy of the accessory residence by a full-time employee. Even if we were to agree with the plaintiffs that they are entitled to a declaratory judgment because of the claimed unconstitutionality of a portion of the regulation, they cannot obtain any practical relief because they have not employed full-time employees under § 4.2.9 so as to qualify for an accessory permit.[6]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] We neither agree nor disagree with the trial court's finding that article IV, § 4.2.9, of the Easton zoning regulations is constitutional. We leave that determination for another day.