## PROPERTY GROUP, INC. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF TOLLAND (10367)

DUPONT, C. J., LAVERY and LANDAU, Js.

Argued January 13—decision released September 8, 1992

*Richard S. Conti,* with whom was *Joshua A. Hawks-Ladds,* for the appellant (defendant).

*Edward S. Hyman,* for the appellee (plaintiff).

LAVERY, J. The defendant planning and zoning commission of the town of Tolland appeals from the trial court's judgment striking a condition the commission imposed in approving the plaintiff's subdivision application. The commission required that the plaintiff widen a public highway abutting the proposed subdivision. On appeal, the commission claims that the condition was

improperly stricken because the trial court (1) found that the road widening condition was an "off-site" improvement, (2) misapplied the reasoning of *Sowin Associates* v. *Planning & Zoning Commission,* 23 Conn. App. 370, 580 A.2d 91 (1990), cert. denied, 216 Conn. 832, 583 A.2d 131 (1991), to a situation where the obligation to construct public improvements is made a condition of the subdivision approval, and (3) found that General Statutes § 8-25 does not permit a planning commission to order "off-site" improvements. We affirm the judgment of the trial court.

The pertinent facts are as follows. The plaintiff applied to the commission for approval to subdivide a parcel of land into ten residential building lots. Each proposed lot fronts on Buff Cap Road, a town road. The commission approved the application, with a condition requiring the plaintiff to widen Buff Cap Road to a paved width of sixteen feet from its center line for the entire length of the frontage, approximately 2000 feet.[1] The condition obligates the plaintiff to be responsible for the actual improvement work involved in laying the pavement and providing for drainage for a width of six feet for the entire length of the frontage.

The plaintiff appealed the road widening condition to the Superior Court, which sustained the plaintiff's appeal, finding that "under the present state of the law off-site considerations may not, therefore, constitute the basis for denying a subdivision application or as in this case, requiring off-site improvements where the use is permitted under the existing zoning law."

The commission first claims that the trial court improperly found that the road widening condition

---

[1] Buff Cap Road is a road approximately 2.9 miles in length. The entire length of the road has a paved width of approximately twenty feet. That portion of Buff Cap Road abutting the proposed subdivision will be the only stretch of the road with a paved width greater than twenty feet. The paved width of the road abutting the subdivision would then be twenty-six feet.

would result in an "off-site" improvement, and incorrectly struck that condition of approval.

In *Sowin Associates* v. *Planning & Zoning Commission,* supra, this court decided that a planning commission cannot deny an application for a subdivision of residential property in a residential zone because of off-site traffic conditions, municipal services required by the development, property values, or the general harmony of the district, because designation of the property as a permitted use establishes a conclusive presumption that it does not adversely affect the district. Id., 374–75.

The condition of the subdivision approval at issue in this case, namely the requirement that the plaintiff widen Buff Cap Road by six feet, involves the land between the paved portion of Buff Cap Road and the boundaries of the lots set forth on the maps of the proposed subdivision.

The defendant claims that the plaintiff owns the six foot area to be paved and that the improvements to the road are on-site rather than off-site and are not controlled by *Sowin Associates.* The defendant argues that General Statutes § 8-25, the enabling act, authorizes a planning and zoning commission to order public improvements on a subdivider's property as a condition of approval and *then* to have the applicant convey the improved portion of property to the town. *Raybestos-Manhattan, Inc.* v. *Planning & Zoning Commission,* 186 Conn. 466, 471–75, 442 A.2d 65 (1982).

In determining whether this issue concerns an on-site or an off-site improvement, we must look to § 8-25, which deals with "subdivided land" and "land to be subdivided," and provides in pertinent part: "No *subdivision of land* shall be made until a plan for such subdivision has been approved by the commission. . . . Such regulations shall provide that *the land to be sub-*

*divided* shall be of such character . . . ." (Emphasis added.) The maps submitted with the plaintiff's application do not show the six foot wide strip that the condition requires the plaintiff to improve as a part of the land to be subdivided. Rather, that strip abuts the land to be subdivided. It is part of the right-of-way of an existing public road. Its present and future use is determined by its prior dedication as a public road, not by the subdivision plan.

We conclude that the trial court correctly determined that the area in question is off-site, not on-site. Consequently, the trial court properly addressed the right of the commission to require off-site improvements to an existing public road, where the proposed subdivision plan proposes only lots that abut the existing public highway.

The other two claims of the defendant are that the trial court improperly applied the reasoning of *Sowin Associates* v. *Planning & Zoning Commission,* supra, to a situation where the obligation to construct public improvements is made a condition of the subdivision approval, and found that § 8-25 does not permit a planning commission to order "off-site" improvements, as Tolland subdivision regulation § 166-6 (D) attempts to do. These claims are interrelated and are subsumed under the single issue of whether the commission has the authority to condition its approval of a subdivision application on the applicant's improvement of an existing town road abutting and serving each proposed lot of the subdivision, where the proposed subdivision lacks interior intersecting streets.

Section 166-6 (D) of the Tolland subdivision regulations provides: "In cases where reasonable and necessary need for an off-site improvement or improvements is necessitated or required by the proposed development application and where no other property owners

receive a special benefit thereby, the Commission may require the applicant, as a condition of subdivision approval and at the applicant's sole expense, to provide for and construct such improvements as if such were on-site improvements, including development of public roads contiguous to the subdivision.''

We must first start with the authority of the defendant to promulgate this regulation. '' 'It has been said that the whole field of subdivision regulation is peculiarly a creature of legislation. It is, therefore, imperative that before subdivision regulations may be made operative, the necessary statutory authorization for such regulation must exist.' 2 Yokley, Zoning Law and Practice (3d Ed.) § 12-3.'' *Finn* v. *Planning & Zoning Commission,* 156 Conn. 540, 545, 244 A.2d 391 (1968). ''In other words, in order to determine whether the regulation in question was within the authority of the commission to enact, we do not search for a statutory prohibition against such an enactment; rather, we must search for statutory authority for the enactment.'' *Avonside, Inc.* v. *Zoning & Planning Commission,* 153 Conn. 232, 236, 215 A.2d 409 (1965); *Norwich* v. *Housing Authority,* 216 Conn. 112, 123, 579 A.2d 50 (1990); *Finn* v. *Planning & Zoning Commission,* supra. Section 8-25 sets forth the powers of the planning commission to promulgate substantive provisions of their subdivision regulations.[2]

---

[2] General Statutes § 8-25 provides in pertinent part: ''Such regulations shall provide that the land to be subdivided shall be of such character that it can be used for building purposes without danger to health or the public safety, that proper provision shall be made for water, drainage and sewerage and, in areas contiguous to brooks, rivers or other bodies of water subject to flooding, including tidal flooding, that proper provision shall be made for protective flood control measures and that the proposed streets are in harmony with existing or proposed principal thoroughfares shown in the plan of development as described in section 8-23, especially in regard to safe intersections with such thoroughfares, and so arranged and of such width, as to provide an adequate and convenient system for present and prospective traffic needs. . . . The commission may also prescribe the

There is nothing in § 8-25 that authorizes a planning commission to require a developer to improve an existing abutting public highway where no intersecting subdivision streets are being created. Section 8-25 sets forth with specificity the power of a planning commission to promulgate regulations for exactions from a developer for open spaces, parks, and playgrounds or to exact from the developer a fee in lieu of open spaces. In addition, the statute empowers the planning commission to promulgate regulations for proposed streets, especially their safe intersections with existing or proposed principal thoroughfares, and the manner in which they are to be graded and improved and public utilities and services provided.

In *Raybestos-Manhattan, Inc.* v. *Planning & Zoning Commission,* supra, 468–69, our Supreme Court approved the actions of the planning and zoning commission of the town of Trumbull requiring an extension of a public street through the developer's land. Unlike the regulations in the present matter, however,

extent to which and the manner in which streets shall be graded and improved and public utilities and services provided and, in lieu of the completion of such work and installations previous to the final approval of a plan, the commission may accept a bond in an amount and with surety and conditions satisfactory to it securing to the municipality the actual construction, maintenance and installation of such improvements and utilities within a period specified in the bond. Such regulations may provide, in lieu of the completion of the work and installations above referred to, previous to the final approval of a plan, for an assessment or other method whereby the municipality is put in an assured position to do such work and make such installations at the expense of the owners of the property within the subdivision. Such regulations may provide that in lieu of either the completion of the work or the furnishing of a bond as provided in this section, the commission may authorize the filing of a plan with a conditional approval endorsed thereon. Such approval shall be conditioned on (1) the actual construction, maintenance and installation of any improvements or utilities prescribed by the commission or (2) the provision of a bond as provided in this section. Upon the occurrence of either of such events, the commission shall cause a final approval to be endorsed thereon in the manner provided by this section. . . ."

Trumbull's plan of development provided for the extension of the public street. Id., 475. The Supreme Court observed, "the commission's actions were authorized by pertinent state statutes as well as the Trumbull subdivision regulations and plan of development. Section 8-25 empowers a planning and zoning commission to adopt subdivision regulations which promote the harmonious development of local traffic patterns so as 'to provide an adequate and convenient system for present and prospective traffic needs.' Moreover, [General Statutes] § 8-23 authorizes a commission to prepare a plan of development for the community which shows 'the commission's recommendation for a system of principal thoroughfares, parkways, bridges, streets and other public highways. . . .' " Id., 471–74.

The commission relies primarily on two cases in an effort to justify its authority to impose the road widening condition on the plaintiff, *Reed* v. *Planning & Zoning Commission,* 12 Conn. App. 153, 529 A.2d 1338 (1987), aff'd, 208 Conn. 431, 544 A.2d 1213 (1988), and *Weatherly* v. *Town Plan & Zoning Commission,* 23 Conn. App. 115, 579 A.2d 94 (1990).

In *Reed,* this court held that the subdivision application was wrongfully denied because the abutting town road was inadequate. *Reed* v. *Planning & Zoning Commission,* supra, 154. The applicant was willing to comply with a requirement in the subdivision regulations to deed to the town sufficient land to enable the town to widen the town road to the appropriate width. Id., 157. We concluded that the applicant met the subdivision regulation requirement for adequate public access when he agreed to comply with the regulations. Id., 157–58. In *Reed,* we noted: "The regulation does not purport to require the town to improve the public road. As the trial court recognized, the planning commission has no authority over the maintenance of a public road. See General Statutes § 13a-99 (town to maintain pub-

lic roads); General Statutes § 8-25 (authority of planning commission). While the regulation does not attempt to compel the town to widen and improve a public road, it appears to contemplate that a town will do so pursuant to its duty to build and repair all necessary highways and bridges. General Statutes § 13a-99; see also General Statutes §§ 13a-63, 13a-103 (remedies for failure to maintain highway; parties who benefit from improvement may be assessed a portion of the costs)." Id., 157 n.6.

Both this court and the Supreme Court, in affirming our decision, noted the Superior Court decision of *Pope* v. *Planning & Zoning Commission,* Superior Court, judicial district of Middlesex, Docket No. 8239 (July 18, 1979), which held that a town could not impose a road improvement requirement on an applicant whose property fronted a town road because the municipality had the obligation to maintain its public roads in a safe condition, and that the planning commission cannot base its decision on the assumption that the municipality will not carry out this duty.[3]

In *Weatherly,* we held that the planning commission could have a subdivision regulation requiring subdivision applicants to deed sufficient land to a town for the proper widening of existing abutting streets to fifty feet or the width required to meet the classification given to the road by the town, where the regulation did not obligate the applicant to pay for the widening or the off-site improvement. *Weatherly* v. *Town Plan & Zoning Commission,* supra, 123.

Tolland subdivision regulations § 166-6 (D) does not, standing alone, exceed the authority granted to the defendant in § 8-25. A subdivision application propos-

---

[3] Neither this court; *Reed* v. *Planning & Zoning Commission,* 12 Conn. App. 153, 159, 529 A.2d 1338 (1987); nor the Supreme Court; *Reed* v. *Planning & Zoning Commission,* 208 Conn. 431, 437 n.6, 544 A.2d 1213 (1988), expressed an opinion about the validity of the *Pope* decision.

ing roads intersecting with public highways could indeed require off-site improvements to public highways including drainage, site distance, design of intersection, approaches and the like for public health and safety reasons. When we examine the regulation, we must do so as it relates to the facts of this case. *Barberino Realty & Development Corporation* v. *Planning & Zoning Commission*, 222 Conn. 607, 620, 610 A.2d 1205 (1992). First, we must determine whether there was substantial evidence for the commission to find as it did under the regulation. If there was substantial evidence, we must then determine whether the commission had the power to enact the regulation or apply the regulation to this factual situation under the enabling statute. The regulation requires a finding that there is a "reasonable and necessary need for the off-site improvements necessitated or required by the proposed development application."

The road is a uniform width for its entire 2.9 mile length. There is nothing in Tolland's plan of development concerning the widening of any part of Buff Cap Road. The town planner recommended the widening of the road. The road widening condition required that the road would only be widened by the plaintiff on the side of the road abutting the subdivision. The purpose of the condition, as stated at the public hearing, was to prevent the town from incurring costs in case the road had to be widened or the trees had to be removed in the future.[4]

---

[4] At the public hearing on the plaintiff's application, the following exchange occurred:

"[Chairman]: So the, the Town's major interest in this is to protect it from incurring costs later, if they had to widen the road and take down the trees.

"[Town Planner]: The Town's interest would be to have the road widened by the subdivider. You know, the whole job which would include taking down the trees. I think the, you know, it's our suggestion that the road be widened from the centerline inward sixteen feet. I think that that would probably require the removal of most of those trees."

The record lacks any evidence demonstrating that a "reasonable and necessary need for an off-site improvement or improvements is necessitated or required by the proposed development application." There is likewise no evidence in the record tending to show that the widening of the road is necessary for public health or safety reasons, or that the improvements are necessary to provide better drainage for either the road or adjoining properties.[5] Also, there is no support in the record for the proposition that any adverse condition will arise because of the plaintiff's subdivision that requires the road widening and improvements. We conclude that the commission did not have before it "substantial evidence" to meet the requirement of the regulation at issue.[6]

Neither Tolland subdivision regulations § 166-6 (D) nor General Statutes § 8-25 give the commission the authority to require public road improvements that are

---

[5] Presently, there are seventy-three residences fronting on Buff Cap Road.

[6] "This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. . . . [I]t is a compromise between opposing theories of broad or de novo review and restricted review or complete abstention. It is broad enough and capable of sufficient flexibility in its application to enable the reviewing court to correct whatever ascertainable abuses may arise in administrative adjudication. On the other hand, it is review of such breadth as is entirely consistent with effective administration. . . . [It] imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action. . . . [I]t is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations omitted; internal quotation marks omitted.) *Huck* v. *Inland Wetlands & Watercourses Agency,* 203 Conn. 525, 541, 525 A.2d 940 (1987); *Bradley* v. *Inland Wetlands Agency,* 28 Conn. App. 48, 52 n.3, 609 A.2d 1043 (1992).

not necessitated by or required by the proposed subdivision. Because there was no substantial evidence to satisfy the standards of the regulation that purportedly allowed the commission to impose the condition, it is unnecessary for us to determine whether the regulation would be valid if substantial evidence did exist. *Zarembski* v. *Warren,* 28 Conn. App. 1, 7, 609 A.2d 1039 (1992).

The judgment is affirmed.

In this opinion the other judges concurred.