ELISABETH F. S. SOLOMON *v.* HALL-BROOKE
FOUNDATION, INC.
(11151)

O'CONNELL, FOTI and HEIMAN, Js.

Argued November 30, 1992—decision released January 26, 1993

*John R. Williams,* for the appellant (plaintiff).

*William J. Doyle,* with whom was *Dorit S. Heimer,* for the appellee (defendant).

HEIMAN, J. The plaintiff appeals from the trial court's judgment rendered in favor of the defendant on an action for the rescission of a trust instrument and for

breach of contract.[1] On appeal, the plaintiff asserts that (1) as a matter of both law and sound public policy, the court failed to accord proper consideration to her intent as creator conditioning her gift to the charity and (2) even if she did not condition her charitable donation upon her continued employment, the trial court incorrectly disregarded her employment contract with the defendant. We disagree and affirm the judgment of the trial court.

The trial court found the following facts. In 1964, the plaintiff purchased the Hall-Brooke Hospital in Westport. Upon acquiring the hospital, the plaintiff established two corporations. One corporation owned the land on which the private hospital was situated and the other owned the hospital and its assets. In 1966, the plaintiff with the advice of various professionals in the areas of health care and nonprofit institutions set up Hall-Brooke as a nonprofit corporation. She made a gift of assets to the defendant, the Hall-Brooke Foundation, Inc. (foundation), but retained control of the real estate on which the hospital was situated. She understood that once she established this foundation, it would exist in perpetuity, and would not be dependent on any one person's life or ownership, but would be governed by a self-perpetuating board of trustees. As a not-for-profit foundation, its board would have the power to run the organization. The plaintiff knew that she no longer would control its operations and that the board was obligated to act in the foundation's best interests without concern for what might be beneficial to her.

The plaintiff, as a trustee, actively participated in the affairs of the foundation. She also signed an employment contract with the newly created foundation that provided for her to serve as executive director until the

---

[1] This appeal is one of five before this court arising out of a consolidated trial.

age of sixty-five or retirement, whichever occurred sooner, to render services to the foundation at an annual salary of $35,000 to be "increased proportionately with any increases in salary given to the highest medical staff members of Hall-Brooke Hospital." The contract also provided that the "[f]oundation may terminate this agreement if Solomon has been adjudicated in a criminal court of competent jurisdiction as guilty of theft, fraud, or embezzlement regarding the assets of the foundation or regarding her employment."

In 1980, the defendant removed the plaintiff from all of her positions at the foundation. The plaintiff subsequently brought an action to rescind her gift to create the foundation because she felt that her intent was frustrated by the board of trustees, and specifically to enforce her employment contract with the defendant. She also included a prayer for "such other relief as the court deems necessary and just."

After a trial on the merits, the trial court found that the plaintiff's gift to create the foundation was absolute. It also found that the plaintiff's employment contract with the defendant violated public policy and that she was thus an at will employee of the foundation whose employment could be terminated with or without cause. This appeal followed.

I

The plaintiff asserts that the trial court failed to accord proper consideration to her intent as the creator of the defendant. She argues that the trial court made several errors with respect both to finding and to enforcing her true intention at the time she created the foundation.[2] She posits that the court's findings

---

[2] She asserts that the court (1) failed to consider the plaintiff's contemporaneous exchange of correspondence with the trustee who served as her personal attorney in the transaction when determining the true intent in creating the trust, (2) blatantly ignored both the testimony and the documen-

"not only lack authority but [are] emblematic of much of the confusion which has corrupted the operation of charities in the current era." While we acknowledge the plaintiff's invitation to take "an unusual opportunity to clarify the law of charitable corporations at a moment when it very much needs clarification and, in the process, to remind those charged with the responsibility of managing such corporations that fidelity to the intentions of their founders is among the first of their obligations," we decline to do so since we conclude that the trial court's findings were not clearly erroneous.

We review factual findings of the trial court under a clearly erroneous standard. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). We examine whether " 'the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous.' " *Zarembski* v. *Warren,* 28 Conn. App. 1, 4, 609 A.2d 1039, cert. denied, 223 Conn. 918, 614 A.2d 831 (1992), quoting *Pandolphe's Auto Parts, Inc* v. *Manchester,* supra. Our role is to determine if the trial court reasonably could have decided as it did. *Harvey* v. *Daddona,* 29 Conn. App. 369, 374, 615 A.2d 177 (1992). We will not retry the facts since the trial court in its role as fact finder has the "unique opportunity to view the evidence presented in a totality of the circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties . . . ." (Internal quotation marks omitted.) *Zarembski* v. *Warren,* supra, 4–5.

tary evidence introduced at the trial that the plaintiff feels conclusively demonstrate that her intent was to condition her charitable gift on her ability to retain control of it, and (3) improperly held that if the plaintiff's gift was conditioned on her maintaining control, nonetheless, those intentions can be ignored by the court if someone else can manage the charity more profitably.

Here, the trial court conducted extensive factfinding. It found an absence of written documentation conditioning the creation of the foundation on either the plaintiff's employment contract with the foundation or her lifetime trustee status at the foundation. In fact, the trial court found that several of the founding documents contradicted the plaintiff's claim that the creation of the foundation was so conditioned. The court extensively considered the evidence that the plaintiff hoped would reveal that the creation of the foundation was conditioned on her employment contract and lifetime trusteeship. In particular, the court reviewed the plaintiff's correspondence with a trustee who was also her personal attorney. In examining this correspondence, the court found that there was no evidence that her gift was conditional. It also found no evidence that the plaintiff shared with anyone other than her attorney her feeling that her employment was an important factor in the creation of the foundation. The trial court thus found that the creation of the foundation was an absolute rather than a conditional grant. The trial court's findings were not clearly erroneous.

## II

The plaintiff also argues that even if the court properly found that the creation of the charitable foundation was not conditioned on her continued employment, the court cannot disregard her employment contract. She concedes that in this action, she primarily seeks the specific enforcement of the contract. In the alternative, she asserts that her claim for "such other relief as the court deems necessary and just" encompasses money damages for the breach of her employment contract. We disagree.

When prosecuting a civil matter, "the general rule is that a prayer for relief must articulate with specificity the form of relief that is sought. . . . A party

who fails to comply with this rule runs the risk of being denied recovery." (Citations omitted.) *Stern* v. *Medical Examining Board,* 208 Conn. 492, 501, 545 A.2d 1080 (1988); see also *Francis T. Zappone Co.* v. *Mark,* 197 Conn. 264, 270, 497 A.2d 32 (1985). We review cases on the theories on which they are tried and decided. *Swerdloff* v. *AEG Design/Build, Inc.,* 209 Conn. 185, 189, 550 A.2d 306 (1988); *Archambault* v. *Wadlow,* 25 Conn. App. 375, 378–79, 594 A.2d 1015 (1991). The plaintiff here failed to specify that she sought money damages. Her prayer for "such other relief as the court deems necessary and just" is too amorphous to be a claim for money damages.[3] The plaintiff failed to comply with Practice Book § 285A, which provides in pertinent part: "If a party intends to raise any claim of law which may be the subject of an appeal, he must either state the same distinctly to the court before his argument is closed or state it in a written trial brief. If this is not done, it will not be the duty of either the trial court or the appellate court to decide the claim." "A claim is distinctly raised if it is so stated as to bring to the attention of the court the precise matter on which its decision is being asked. . . . A claim briefly suggested is not distinctly raised." (Citations omitted; internal quotation marks omitted.) *Swerdloff* v. *AEG Design/Build, Inc.,* supra, 188. The purpose of this rule is to "enable the trial court to give meaningful consideration to the legal issues in the case." Id., 189. The trial court was deprived of the opportunity to review the plaintiff's claim for money damages for the alleged breach of the employment contract. The trial court did not abuse its discretion in fail-

---

[3] The plaintiff's own conduct belies her assertion that her prayer included money damages. In a memorandum of law accompanying a motion to strike, the plaintiff asserted that she sought "only equitable relief." In the motion to strike, she stated that the court lacks the jurisdiction to have this matter tried to a jury because "the relief requested is entirely equitable in nature."

ing to award the plaintiff money damages since the plaintiff failed to include a prayer for money damages specifically in her complaint.[4] We thus consider only her equitable claim.

The plaintiff asserts that her contract with the defendant was valid and enforceable. She argues that the defendant ignored the plain language of the contract, which permitted the defendant to fire her only if she were adjudicated in a criminal court of competent jurisdiction to be guilty of theft, fraud or embezzlement regarding the defendant's assets. The court, however, found that her employment contract with the defendant was unenforceable as a matter of public policy. See *Osborne* v. *Locke Steel Chain Co.,* 153 Conn. 527, 537, 218 A.2d 526 (1966).[5] Her employment with the foundation was thus at will. The defendant could terminate her employment with or without just cause pursuant to General Statutes §§ 33-451 (b) and 33-453 (b).[6] The plaintiff has failed to demonstrate that the trial court's finding was clearly erroneous.

[4] Moreover, the plaintiff failed to comply with Practice Book § 131, which provides in pertinent part that "[w]hen money damages are sought in the demand for relief, the demand shall include the information required by Gen. Stat. § 52-91." General Statutes § 52-91 provides in relevant part: "When money damages are sought in the demand for relief, the demand for relief shall set forth: (1) That the amount, legal interest or property in demand is fifteen thousand dollars or more, exclusive of interest and costs; or (2) that the amount, legal interest or property in demand is two thousand five hundred dollars or more but is less than fifteen thousand dollars, exclusive of interest and costs; or (3) that the amount, legal interest or property in demand is less than two thousand five hundred dollars, exclusive of interest and costs."

[5] Our Supreme Court stated that "[t]here is some authority for the proposition that directors have no power to hire an employee on a lifetime basis . . . . Such cases are generally based on the theory that a board of directors, in selecting the management personnel of the corporation, should not be allowed to hamstring future boards in the overall supervision of the enterprise and the implementation of changing corporate policy." (Citation omitted.) *Osborne* v. *Locke Steel Chain Co.,* 153 Conn. 527, 537, 218 A.2d 526 (1966).

[6] General Statutes § 33-451 (b) provides in pertinent part: "A director shall cease to be in office upon . . . (3) [her] removal from office in accord-

The judgment is affirmed.

In this opinion the other judges concurred.

ance with bylaws adopted by members or, if there are no such bylaws, at a meeting of the members or directors entitled to fill such directorship called expressly for the purpose of considering such removal, with or without cause, by such vote as would suffice for [her] election as a director . . . ."

General Statutes § 33-453 (b) provides: "Officers may be removed, with or without cause, but without prejudice to their contract rights, if any. The appointment or election of an officer for a given term, or a general provision in the bylaws or certificate of incorporation with respect to the term of the office, shall not of itself create contract rights."