[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
The facts as alleged in the revised complaint are as follows. The plaintiffs, George Thomas, Barbara Thomas, and John Finnell, are owners of two adjacent parcels of land located on Campbell Avenue in West Haven, Connecticut. One parcel is zoned C-2, commercial; the other is zoned R3-2, two-family residential. On April 1, 1986, the plaintiffs applied to the defendant, Planning 
Zoning Commission of the Town of West Haven [the "Commission"], for a zone change on both parcels to R-5, residential — apartment building. On May 20, 2986 [1986], the defendant denied the plaintiffs' application. The plaintiffs appealed to the superior court, which sustained its appeal.
On May 9, 1986, the plaintiffs also applied to the zoning board of appeals [the "ZBA"] for a variance to allow a mixed residential and commercial use on both parcels. The ZBA denied the application.
On June 16, 1986, the plaintiffs applied to the commission for a zone change on both parcels to CM1, mixed commercial and multi-family. The commission also denied this application.
Subsequent to the superior court's sustaining of the plaintiffs' appeal, the commission reconsidered the plaintiffs' CT Page 2425 original application for a zone change. The commission again denied the plaintiffs' application for a zone change, and the plaintiffs' appealed such denial. The superior court found predetermination by the commission and again sustained the appeal.
On May 15, 1989, the plaintiffs' filed a two-count complaint against the defendants, the City of West Haven, the commission, and the members of the commission. The first count alleges a claim of regulatory taking in violation of the state and federal constitutions. The second count alleges a deprivation of their civil rights pursuant to 42 U.S.C. § 1983 based upon the regulatory taking claim. On June 24, 1993, the defendants filed a motion to dismiss the plaintiffs' complaint for lack of subject matter jurisdiction on the grounds that (1) the plaintiffs lack standing, (2) the plaintiffs' claims are not ripe for review, and (3) the plaintiffs have failed to exhaust their administrative remedies. On October 14, 1993, the plaintiffs filed a memorandum of law in opposition to the defendants' motion to dismiss.
"A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). Any defendant may contest the court's subject matter.- jurisdiction by filing a motion to dismiss. Practice [142, 145. A motion to dismiss is proper where there is a lack of jurisdiction over the subject matter. Practice Book 143(1). Subject matter jurisdiction is the power of the court "`to hear' and determine cases of the general class to which the proceedings in question belong.'" Castro v. Viera,207 Conn. 420, 433, 541 A.2d 1216 (1988). The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it." Bridgeport v. Debek, 210 Conn. 175,180, 554 A.2d 728 (1989).
The defendants first argue that the plaintiffs lack standing to maintain a 1983 action. Specifically, the defendants argue that the plaintiffs have no constitutional entitlement to a zone change, and, therefore, the plaintiffs lack standing to bring a 1983 claim. The issue of entitlement, however, does not go to whether a plaintiff has an interest in the subject property and, therefore, has standing; rather the issue of entitlement goes to whether a plaintiff has a protected property interest which would support a 1983 claim.
In Red Maple Properties v. Zoning Commission, 222 Conn. 730,610 A.2d 1238 (1992), our supreme court adopted the"entitlement CT Page 2426 test" for determining whether a plaintiff, in a land use case, has a protected property interest for a claim of a 1983 substantive due process violation. Id., 739. "Under this analysis, in order to have a protected property right, the applicant must have a `"clear entitlement" to the approval he was seeking from the land use regulating body.'" (Emphasis added.) Carr v. Bridgewater,224 Conn. 44, 51, 616 A.2d 257 (1992), quoting RRI Realty Corp. v. Incorporated Village of Southampton, 870 F.2d 911, 915 (2d Cir.), cert. denied, 493 U.S. 893, 110 S.Ct. 240, 107 L.Ed.2d 191
(1988).
"Standing goes to the court's subject matter jurisdiction." Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294,533 A.2d 208 (1987). However, "[i]n the determination of standing the primary focus is on whether the party bringing the complaint, is the proper party to request an adjudication of the issue and, not whether the issue itself is justiciable." (Emphasis added.) Civil Service Commission v. Pekrul, 41 Conn. Sup. 302, 307, 571 A.2d 715
(1990, Barnett, J.), citing Flast v. Cohen, 392 U.S. 83, 99-100,88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Standing is not a test of substantive rights. Reitzer v. Board of Trustees of State Colleges, 2 Conn. App. 196, 199, 477 A.2d 129 (1984). "The question of standing does not involve an inquiry into the merits of the case. It merely requires the plaintiff to make allegations of a colorable claim of injury." (Citations omitted.) State v. Pierson, 208 Conn. 683, 687, 546 A.2d 268 (1988)
Entitlement does not involve the question whether a plaintiff ia [is] a proper party to request an adjudication of the issue; rather, it is concerned with a plaintiff's ability to establish a 1983 claim. "Whether the plaintiff will be successful on a motion to strike or on the merits is immaterial to the issue of standing." Reitzer v. Board of Trustees of State Colleges, supra, 201.
The defendants have cited no authority, and research has revealed none, for their proposition that a lack of entitlement deprives a plaintiff of standing to bring a 1983 action. Nowhere in Red Maple Properties v. Zoning Commission, supra, or Carr v. Bridgewater, supra, or the federal cases, Yale Auto Parts v. Johnson, 758 F.2d 54, 59 (2d Cir. 1985), and RRI Realty Corp. v. Incorporated Village of Southampton, supra, did the courts discuss the issue of standing or subject matter jurisdiction. The aforementioned cases involved actions on the merits. Accordingly, the defendants' motion to dismiss on the ground that the plaintiffs lack standing lacks merit. CT Page 2427
The defendants' next make two "ripeness" arguments. First, they claim that the plaintiffs have a viable use for their land, therefore, there is no taking. "The ripeness doctrine is the `constitutional mandate of case or controversy, U.S. Const. Art. III, [which] requires an appellate court to consider whether a case has matured or ripened into a controversy worthy of adjudication before it will determine the same.'" Balletti v. Pappas, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 32 89 62 (March 15, 1991, Clark, J.), quoting Black's Law Dictionary, 1192 (5th ed. 1979). "For a claim to be ripe there must be a `substantial controversy, between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Balletti v. Pappas, supra, quoting Lake Carriers' Assn. v. MacMullan, 406 U.S. 498, 506,92 S.Ct. 1749, 32 L.Ed.2d 257 (1971).
"Ripeness is equated with the justiciability of a claim." Balletti v. Pappas, supra.
 "`Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant.'"
Zarembski v. Warren, 28 Conn. App. 1, 6-7, 609 A.2d 1039 (1992), quoting Pelligrino v. O'Neill, 193 Conn. 670, 674, 480 A.2d 476, cert denied 469 U.S. 875, 1055 S.Ct. 236, 83 L.Ed.2d 176 (1984).
Whether the plaintiffs have any viable uses for the subject property goes to the merits of the plaintiffs' taking claim, not to whether the parties have adverse legal interests constituting an actual controversy. Accordingly, the defendants' first "ripeness" argument must fail.
In addition, the defendants argue that the plaintiffs' claims are not ripe for review since there has been no final decision. Finality of an agency decision is a prerequisite to judicial review. Killingly v. Connecticut Siting Council, 220 Conn. 516,520, 600 A.2d 752 (1991); Port Clinton Associates v. Board of CT Page 2428 Selectmen, 217 Conn. 588, 604, 587 A.2d 126 (1991). "The jurisdictional nature of finality derives from its similarity to `ripeness.'" Port Clinton Associates v. Board of Selectmen, supra, 604, citing Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 185, 105 S.Ct. 3108,87 L.Ed.2d 126 (1985).
 "`[T]he relevant considerations in determining finality are whether the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights or obligations have been determined or legal consequences will flow have been determined or legal consequences will flow from the agency action.'"
Killingly v. Connecticut Siting Council, supra, 521, quoting New Haven v. New Haven Police Union Local, 530, 210 Conn. 597, 604,557 A.2d 506 (1989).
"[A] property owner need not pursue remedial measures that merely review the propriety of the initial decisionmaker's action. A property owner must, however, pursue all available procedures that could result in a decision favorable to some reasonable use of the property." (Emphasis in original.) Port Clinton Associates v. Board of Selectmen, supra, 606. "In addition, a property owner must pursue any procedure whereby it can obtain compensation for the impact of the regulation upon his use of his property." (Emphasis in original.) Id.
In Port Clinton Associates v. Board of Selectmen, supra, the court held that
 [a]lthough we do not believe "that repeated applications and denials are necessary to pinpoint" the [commission's] position; nor that a property owner must "take patently fruitless measures"; in most cases, a property owner must do more than submit one plan to an agency in order to establish that the agency's decision is "final" for the purposes of the taking clause.
(Citations omitted.) Id., 607. In this case, the plaintiffs' have CT Page 2429 alleged that they submitted the different plan into the commission which were all rejected. Such allegations in the plaintiffs' complaint are sufficient to establish that the commission's decision is "final" for purposes of the taking clause.
Finally, the defendants move to dismiss the plaintiffs' complaint on the ground that the plaintiffs have failed to exhaust their administrative remedies. In opposition, the plaintiffs contend that exhaustion of administrative remedies is unnecessary when a plaintiff is asserting a claim under 1983. Additionally, the plaintiffs argue that even if the exhaustion doctrine applies, the zoning board of appeals has no power to hear appeals from legislative decisions of the zoning commission.
"`[T]he exhaustion doctrine implicates subject matter jurisdiction.'" Housing Authority v. Papandrea, 222 Conn. 414,420, 610 A.2d 637 (1992), quoting Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556, 529 A.2d 666 (1987). "If the trial court ha[s] no jurisdiction because the plaintiff[s] ha[ve] failed to exhaust [their] administrative remedies, the action must be dismissed." Concerned Citizens of Sterling, supra, 557. It is well established, however, that the exhaustion doctrine does not apply to 1983 substantive due process claims. Port Clinton Associates v. Board of Selectmen, supra, 559 (Federal law prevents us from applying the exhaustion doctrine to a 1983 claim.), citing Patsy v. Board of Regents, 457 U.S. 496, 102 S.Ct. 2557,73 L.Ed.2d 172 (1982). Therefore, the exhaustion doctrine does not deprive the court of subject matter jurisdiction over the second count of the plaintiffs' complaint which alleges a 1983 claim.
The plaintiffs next argue that even if the exhaustion doctrine does apply to their first count, which alleges a regulatory taking claim, the zoning board of appeals has no power to hear appeals from legislative decisions of the zoning commission. The defendants, in support of their argument that the plaintiffs have failed to exhaust their administrative remedies, rely upon 73-1, 73-3 and 73-3.1 of the West Haven Zoning Regulations. Section 73-1 authorizes, inter alia, the West Haven Zoning Board of Appeals [the "ZBA"] to hear and decide appeals from any order, requirement or decision made by the official charged with the enforcement of any zoning ordinance or regulation. (emphasis added). West Haven Zoning Regulations 73-1; General Statutes 8-6. However, when acting on a request for a zone change, a commission is acting in its legislative capacity, not as an enforcement agency. See Homart Development Co. v. Planning Zoning Commission, 26 Conn. App. 212, CT Page 2430 216-17, 600 A.2d 13 (1991); Sowin Associates v. Planning Zoning Commission, 23 Conn. App. 370, 375, 580 A.2d 91 (1990). Therefore, in this case, 73-1 does not authorize the ZBA to review the commission's denial of the plaintiffs' application for a zone change.
Section 73-3 empowers the ZBA:
 (a) To hear and decide appeals from and to review interpretations of this resolution,
 (b) To hear, decide, determine whether to vary the application of the provisions of this resolution; and [sic]
 (c) To adopt, amend, or appeal such rules or regulations as may be necessary to carry into effect the provisions of this resolution; and
 (d) To hear and decided appeals from a decision of the Director of Planning and/or Building Inspector.
West Haven Zoning Regulations 73-3. None of the aforementioned powers authorizes the ZBA to hear appeals from the commission's denial of the plaintiffs' application for a zone change.
Finally, section 73-3.1 provides:
 The board shall hear and decide appeals from or may on its own initiative review any rule or regulation, order, requirement, decision or determination which regulates the use of land.
 On such appeal or review, the board may reverse, affirm, in whole or in part, or modify, such rule, regulation, order, requirement, decision, or determination and may make such rule, regulation, requirement, decision of determination or order as in its opinion should have been made in the premise of strictly applying and interpreting the provisions of this resolution.
West Haven Zoning Regulations 73-3.1. Section 73-3.1 is a CT Page 2431 subsection of 73-3, however, and, as such, relates back to 73-3, generally. Section 73-3.1 is entitled "Appeals for Interpretation, and would, therefore, appear to relate back to 73-3(a), specifically, which empowers the ZBA "[t]o hear and decide appeals from and to review interpretations of this resolution." West Haven Zoning Regulations 73-3a. This court concludes, therefore, that 73-3.1 does not grant the ZBA powers beyond those authorized in the enabling legislation. General Statutes grants to the zoning board of appeals the following powers and duties: (1) to hear and decide appeals from "any order, requirement or decision made by the official charged with the enforcement" of the zoning regulations; (2) to hear and decide exceptions and special exemptions; and, (3) to grant variances. The ZBA has no power to enlarge or limit the scope of authority granted to it by the legislature.
Finally, the defendants rely, unconvincingly, upon Conto v. Zoning Commission, 186 Conn. 106, 439 A.2d 441 1982). There, the court found that the commission was acting as an enforcement agency, unlike the instant action, where the commission was acting in its legislative capacity. Therefore, Conto v. Zoning Commission, supra, is inapposite to the present action.
For the reasons stated herein, the defendants' motion to dismiss is denied.
Martin, J.