[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed August 20, 1997
Plaintiffs David DeCroce and Janet Shrake appeal the decision of the defendant planning and zoning commission of the town of Southington requiring the plaintiffs to construct a sidewalk as a condition of the approval of the plaintiffs' application for a subdivision of their property. The commission acted pursuant to § 7-06 of the town's subdivision regulations. The plaintiffs appeal pursuant to General Statutes § 8-8. The court finds in favor of the plaintiffs.
In February 1996, the plaintiffs applied to the defendant CT Page 12634 commission for permission to create a four-lot subdivision of property owned by them on Meriden Avenue, a state highway in the town. After a public hearing, the commission approved the application but imposed the condition that the plaintiffs construct a sidewalk on the highway right of way that abuts the plaintiffs' property. It is that condition which is the subject of this appeal.
As noted, the plaintiffs are the owners of the property subject to the commission's order, and the court finds that they are, therefore, aggrieved and have standing to appeal.
In support of their appeal, the plaintiffs advance essentially two arguments: (1) that the condition imposed by the commission impermissibly requires the plaintiffs to make off-site improvements and (2) that the condition is illegal under the rule of Carpenter v. Planning Zoning Commission, 176 Conn. 581
(1979).
This court has reviewed the entire record in the case. Based on that review and the memoranda of law submitted by counsel for both parties, the court concludes that the defendant commission was not authorized by General Statutes § 8-25 to require the plaintiffs to install a sidewalk on the state highway right of way as a condition of approval of their subdivision application. The decisions of our courts in Property Group v. Planning andZoning Commission, Superior Court, judicial district of Tolland at Rockville, Docket No. CV90 004 60 23, 3 CONN. L. RPTR. 511 (April 22, 1991) (Jackaway, J.), aff'd 29 Conn. App. 18, aff'd226 Conn. 684, are dispositive of this issue in the plaintiffs' favor.
With respect to the plaintiff's second argument, it is undisputed that they would have to secure the approval of the appropriate state agencies in order to satisfy the condition of the commission that they install the required sidewalk. Such a condition is not authorized under our law. Ahern v. WallingfordPlanning and Zoning Commission, Superior Court, judicial district of New Haven at New Haven, Docket No. CV95 036 98 70 (Nov. 28, 1995) (Booth, J.).
For the reasons set forth above, the plaintiffs' appeal is sustained. Inasmuch as the commission approved the plaintiffs' application subject only to the condition noted and since the court has determined that the condition may not stand, the case CT Page 12635 is remanded to the commission and the commission is ordered to approve the application without that condition.
Maloney, J.