[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Malcolm M. McCluskey and Otto Kratzenburg, CT Page 11900 d/b/a 890 Realty Company, are the owners of property located at 10 Picketts Ridge Road in Redding (Exhibits 1, 2 and 3).
The property consists of 20.34 acres, and is located on the border between Redding and Ridgefield, in a R-2 residence zone (ROR C-2).
On January 31, 1997, the plaintiffs filed an application with the defendant, Redding Planning Commission, seeking approval of a 7 lot subdivision (ROR A-24).
The proposed subdivision involved land within a triangle formed by the intersections of Picketts Ridge Road and Fire Hill Road, both existing highways, and the Ridgefield town line (ROR C-2).
The proposed subdivision did not contemplate the construction of any new streets. All of the proposed lots show frontage on either Picketts Ridge Road or Fire Hill Road.
A public hearing was properly noticed, and began on April 8, 1997. The hearing was continued until April 22, 1997 (ROR D-2 and D-3).
On June 24, 1997, the defendant Commission voted unanimously to approve the application, subject to six specific conditions, in addition to standard modifications and conditions of approval (ROR A-1).
The plaintiffs' appealed to this court, arguing that the imposition of specific conditions by the defendant Commission was arbitrary, illegal, and constituted an abuse of discretion.
The plaintiffs also argued in their brief that portions of the Redding Subdivision Regulations were unconstitutional, and worked a taking of property without just compensation.
This claim was abandoned at trial. Having requested and obtained approval for a 7 lot subdivision, the plaintiffs admit that they cannot meet the burden of demonstrating that the questioned regulations practically destroy the value of their property for any permitted use to which it can reasonably be put.Bombero v. Planning Zoning Commission, 218 Conn. 737,746 (1991); Primerica v. Planning Zoning Commission,211 Conn. 85, 98 (1989). CT Page 11901
Although mounting a general attack upon the specific conditions in their brief, the plaintiffs have limited their challenge to four of the conditions of approval:
1. Stop signs shall be provided at all four corners to provide a safer intersection.
2. Sufficient area shall be added to the Picketts Ridge Road right of way to achieve the minimum standard width of 50 feet.
3. In accordance with the planning consultants suggestions, the applicant shall redesign the western side of Fire Hill Road at Picketts Ridge Road to ensure that the intersection meets the minimum 250 foot sight line required in each direction. This design must meet the approval of the engineering and planning consultants before the Mylar is signed.
4. The design of the turnaround on the extension of Fire Hill Road shall be acceptable to the planning consultants. The extension of Fire Hill Road and the turnaround shall be deeded to the town.
AGGRIEVEMENT
The property, which is the subject of this action, is owned by the applicants, Malcolm M. McCluskey and Otto Kratzenburg, d/b/a 890 Realty Company (Exhibits 1, 2 and 3).
Kratzenburg testified that the property is still owned by the applicant.
A party claiming aggrievement must satisfy a twofold test: (1) that party must show a specific personal and legal interest in the subject matter of the decision as distinguished from a general interest such as concern of all members of the community as a whole, and (2) the party must show that his specific personal and legal interest has been injuriously affected by the decision. Hall v. Planning Commission, 181 Conn. 442,444 (1980); Primerica v. Planning Zoning Commission,supra, 93.
Aggrievement is a jurisdictional matter and a prerequisite for maintaining an appeal. Winchester Woods Associates v.Planning Zoning Commission, 219 Conn. 303, 307 (1991). CT Page 11902
Ownership of the property demonstrates a specific personal and legal interest in the subject matter of the decision.Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 530 (1987). The question of aggrievement is one of fact. Hughes v. Town Planning Zoning Commission,156 Conn. 505, 508 (1968).
The imposition of the challenged special conditions by the Redding Planning Commission establishes that the plaintiffs personal and legal interest have been specifically and injuriously affected.
The plaintiffs, Malcolm M. McCluskey and Otto Kratzenburg, d/b/a 890 Realty Company, are aggrieved by the decision of the defendant, Redding Planning Commission.
STANDARD OF REVIEW
A planning commission, when passing upon a subdivision application, sits in an administrative capacity rather than performing a legislative or quasi-judicial function. RK Development Corporation v. Norwalk,156 Conn. 369, 372 (1968); Westport v. Norwalk, 167 Conn. 151, 155
(1974).
Its authority is limited to determining whether the subdivision plan before it complies with the applicable regulations.Reed v. Planning Zoning Commission, 208 Conn. 431, 433 (1988). It can only apply its regulations to the proposal before it. It cannot make law. Gagnon v. Municipal Planning Commission, 10 Conn. App. 54,57 (1987).
Because the entire field of subdivision regulation is a creature of statute, a subdivision regulation promulgated by a planning commission must have statutory authorization for it to be effective. Finn v. Planning Zoning Commission,156 Conn. 540, 545 (1968).
Municipalities and their agents, boards and commissions have no inherent powers. Norwich v. Housing Authority,216 Conn. 112, 123 (1990); New Haven Water Co. v. New Haven,152 Conn. 563, 566 (1965). A municipality has only those powers that have been expressly granted to it by the state, or that are necessary for it to discharge its duties and carry out its objects and purposes. Pepin v. Danbury, 171 Conn. 74, CT Page 11903 83 (1976).
A court must first determine whether there is statutory authority for a regulation or condition imposed by a municipal planning commission. Avonside Inc. v. Zoning Planning Commission,153 Conn. 232, 236 (1965); Property Group, Inc. v. Planning ZoningCommission, 29 Conn. App. 18, 22 (1992).
AREAS NOT IN DISPUTE
The parties agree, that to the extent the defendant Commission seek to require the plaintiffs to install stop signs at the intersection, the condition is invalid, and exceeds the authority granted a planning commission pursuant to § 8-25
and § 8-26 of the Connecticut General Statutes.
The Redding Planning Commission has no jurisdiction over the maintenance of roads or the placement of stop signs. That power rests with the Redding Board of Selectmen.
Where a condition imposed by a municipal planning commission requires the approval of another municipal agency, the condition exceeds the authority of the planning commission. Carpenter v.Planning Zoning Commission, 176 Conn. 581, 592-93 (1979).
The plaintiffs' appeal, therefore, is sustained by agreement, as it relates to the installation of stop signs at the four corners of the intersection.
The parties further agree, pursuant to § 4.3.3 of the Redding Subdivision Regulations (Existing Roads) that sufficient width may be added to the Picketts Ridge Road right-of-way, to achieve the minimum standard of 50 feet.
The powers of a planning commission in the area of subdivision control, and the power to promulgate regulations, are set forth in § 8-25 of the Connecticut General Statutes.
That section authorizes a commission to adopt subdivision regulations that requires an applicant to provide for widening an existing street abutting a proposed subdivision. Reed v.Planning Zoning Commission, 12 Conn. App. 153, 157 (1987);Weatherly v. Town Plan Zoning Commission, 23 Conn. App. 115,121 (1990). CT Page 11904
Because this condition imposes no requirement upon the applicant regarding design, maintenance or construction of a public highway, the defendant Commission may require compliance as a condition of subdivision approval.
REMAINING CONDITIONS EXCEED AUTHORITY OF REDDING PLANNING COMMISSION
The condition requiring redesign of the western side of the intersection, and ensuring that the intersection meets the 250 foot sight line requirement, seems to represent an attempt by the Redding Planning Commission to impose by condition, a provision of its subdivision regulations involving the design of intersections.
Section 4.3.7(b) of the Redding Subdivision Regulations mandates sight-line distance along intersecting streets equal to 250 feet or ten times the posted speed limit.
This requirement, applicable to new streets in a subdivision, the Commission seeks to apply indirectly to a subdivision application involving no new intersecting subdivision streets.
There is nothing in § 8-25 that authorizes a planning commission to require a developer to improve an existing abutting public highway where no intersecting subdivision streets are being created. Property Group Inc. v. Planning Zoning Commission,supra, 23.
The plaintiffs' land is located in a residential zone, and the proposed use is for single family dwellings. This establishes a conclusive presumption that the use does not adversely affect the area, and precludes further inquiry into its effect on traffic, municipal services, property values, or the general harmony of the district. Sowin Associates v. Planning Zoning Commission, 23 Conn. App. 370, 374 (1990);TLC Development, Inc. v. Planning Zoning Commission,215 Conn. 527, 532 (1990).
The Commission further seeks to require the design of a turnaround in the extension of Fire Hill Road. The same condition requires that the extension of Fire Hill Road and the turnaround be deeded to the town.
Although the defendant Planning Commission may require the deeding of property to the town as a condition of subdivision approval, no authority exists for the demand that an applicant CT Page 11905 design or reconfigure an existing public highway. The plaintiffs' obligation under § 8-25 is met, once land sufficient for road widening purposes is deeded to the town.
To permit a planning commission to require an applicant to obtain the approval of a commission or its designated consultants for the design of any portion of an abutting public highway, would be to enable a planning commission bent upon resisting development to routinely frustrate the approval of a subdivision plan which otherwise meets reasonable regulations, based upon the condition of an abutting public highway. Defects in an existing public highway are not a problem with "the land to be subdivided" under § 8-25.Property Group Inc. v. Planning Zoning Commission, 226 Conn. 684,692 (1993).
The obligation to repair and build all highways within a community belongs to the town, and not to a proposed subdivider.Pope v. Killingworth Planning Zoning Commission, 5 Conn. Law Tribune 49 (1979); § 13a-99 of the Connecticut General Statutes.
The design of an intersection or turnaround involves the building and repair of a public street — a duty imposed by law on the municipality. No provision for delegating that duty to a private party exists.
MODIFICATION IS APPROPRIATE REMEDY
Section 8-8(l) of the Connecticut General Statutes permits a court, after hearing, to "reverse or affirm, wholly or partly, or . . . modify or revise the decision appealed from."
A review of the record, transcripts and briefs reflects that the plaintiff has complied with applicable subdivision regulations, and failed to challenge any general or specific conditions except the four mentioned at the hearing, and discussed in this decision.
Those conditions not challenged remain conditions of the subdivision approval.
The town candidly acknowledged that it could not prevail on the condition requiring the plaintiff's to install stop signs.
The plaintiffs admit that the Commission may require the CT Page 11906 deeding of property for the purposes of widening abutting public highways.
This leaves only the design requirements which the Commission is without authority to mandate as a condition of subdivision approval.
The court should not assume that the Town of Redding will abdicate its responsibility to repair and build public highways.
Therefore, the requirement that the plaintiff do the design work rather than the Town of Redding is not an integral part of the subdivision approval requiring the remand suggested by the defendant.Parish v. St. Andrew's v. Zoning Board of Appeals,155 Conn. 350, 354-355 (1967).
Modification of the decision appealed from is appropriate under the circumstances.
The conditions appealed from are modified as follows:
1. Sufficient area shall be added to the Picketts Ridge Road right-of-way to achieve the minimum width of 50 feet.
2. The extension of Fire Hill Road and the turnaround, as shown on the subdivision map (ROR C-2) and plan drawings, shall be deeded to the town.
The appeal of the plaintiffs, Malcolm M. McCluskey and Otto Kratzenburg, d/b/a 890 Realty Company, is SUSTAINED, except as to the modified conditions stated herein.
Radcliffe, J.