[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
As part of a dissolution of marriage settlement the plaintiff and defendant entered into an agreement. Pursuant to that agreement the defendant was to have title to a certain premise with the right to reside therein. A Promissory Note was paid over to the plaintiff for $30,000.00. The note was secured by a mortgage on the premises aforementioned. The promissory note provided that the note was at "0" interest and was due and payable on the first occurring of the following:
1. Sum due and payable on or before May 23, 1993;
 2. Upon the sale of the premises upon which this Note and Mortgage is secured;
3. The maker's death; CT Page 3650
4. The maker's remarriage or cohabitation.
The note further provided:
 "If any payment due hereunder shall not have been paid within five days after the same is due, or if any other agreement of the maker herein contained shall be in default and shall not have been fully performed within five days after the written notice of default has been mailed to any maker hereof (addressed to the last known place of abode of any maker hereof), or if title to said property is transferred, then the entire unpaid principal, with accrued interest, shall, at the option of the holder hereof, become due and payable forthwith. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default."
The defendant did cohabitate within the premises with another on June 22, 1992 and from said date.
A foreclosure action was instituted on July 14, 1993. The defendant was defaulted on October 27, 1993.
No judgment has been entered. The property has been sold by private sale. The $30,000.00 has been paid over to the plaintiff. The parties have agreed, for purposes unknown to the court, that interest has accrued from November 1, 1993 until the payment of $30,000.00.
The only issue that remains is whether or not the plaintiff is entitled to prejudgment interest on the $30,000.00 from June 22, 1992 until November 1, 1993, the period during which the defendant engaged in cohabitation with another without making payment on the note.
The plaintiff sets forth two grounds in support of her claims for such interest: the first being the note itself; the second being in equity for the wrongful detention of money due, pursuant to C.G.S. 37-3a or as compensation for forbearance pursuant to C.G.S. 37-1.
A Promissory Note is a written contract. It is intended to embody the agreement of the parties. The court is reluctant to add terms and conditions to a contract unless there is some ambiguity. The note appears to be clear. CT Page 3651
There is no provision therein that specifically states that in the event of a default in failing to pay three years after the date of note or upon death or upon remarriage or cohabitation that in either those events the money due shall be at a certain interest rate.
C.G.S. 37-3a provides in part "interest at the sale of ten percent a year, and no more, may be recovered and allowed in civil actions ------- including actions to recover money ------ as damages for the detention of money after it becomes payable."
 "In deciding whether interest is due under General Statutes 37-3a, trial court must determine not only whether the money is payable but also whether the detention of the money is wrongful. White Oak Corp. v. Dept. of Transportation, 217 Conn. 281, 297, (1991); Solomon v. Hall-Brooke Foundation, Inc., 30 Conn. App. 129 146 (1992); Lawrence v. New Hampshire Ins. Co., supra, 29 Conn. App. 484, 498 (1992). The default clause of the termination contract, by definition, makes the detention of money that is due wrongful only after a default notice."
Patron v. Konover, 35 Conn. App. 504, 518-19 (1994).
Whether or not the withholding of monies due and payable is wrongful is within the sound discretion of the trial court in the present case. Cecio Bros., Inc. v. Feldmond, 161 Conn. 265, 275,276. Associated Catalog Merchandisers, Inc., v. Chagnon,210 Conn. 734, 748. The plaintiff claims wrongful detention on the sole ground that the monies were not paid when due. It is important that the court not consider the triggering aspect of cohabitation to determine that there is a wrongful detainer. Cohabitation is one condition of four and should not be considered in determining a wrongful detainer because the condition that occurred making the sum due is more within the control of the maker and in some way more culpable than remarriage, death or the running of the three years. That distinction was not made by the parties to the note and the court should not do otherwise.
This court has no evidence to conclude that the defendant had the money to pay and didn't. Nor does this court have any evidence that the defendant did not act in good faith and/or use his best efforts to sell the property. Nor does this court have any evidence that the defendant was put on notice that interest was being claimed. Accordingly, this court declines to grant the CT Page 3652 plaintiff interest on the $30,000.00 under C.G.S. § 37-3a.
C.G.S. 37-1 provides as follows:
Sec. 37-1. Legal rate. Accrual as addition to debt. (a) The compensation for forbearance of property loaned at a fixed valuation, or for money, shall, in the absence of any agreement to the contrary, be at the rate of eight per cent a year; and, in computing interest, three hundred and sixty days may be considered to be a year.
(b) Unless otherwise provided by agreement, interest at the legal rate from the date of maturity of a debt shall accrue as an addition to the debt.
 "This statute, as it existed in 1967, did not require that the legal rate of 6 percent be added where the itemizing of the amount due does not call for interest to be paid. As there was no express provision to pay interest at the time when these earnings were due and payable on July 1, 1967, resort must be had to whether such interest payment can be implied. Ruscito v. F-Dyne Electronics Co., 177 Conn. 149, 163-64 (1979)."
In "Ruscito" the Supreme Court went on to state:
 "Whether interest may become due on a debt which is intended to be interest free after demand is made for payment or notification given to the debtor need not be determined at this time. The finding reveals that no demand was made prior to payment, and there is no finding that notification was ever given to the corporation that interest was to be demanded on the debts, prior to actual payment."
Accordingly, the trial court was determined to be in error in awarding interest. However, in 1971, the legislature saw fit to add subsection (b) to C.G.S. Sec. 37-1 ----
(b) unless otherwise provided by agreement, interest at the legal rate from the date of maturity of a debt shall accrue as an addition to the debt.
C.G.S. 37-1b effectively provides statutory notice to all and, unless the agreement specifies otherwise, when a debt is mature the statutory interest presently at 8% accrues. The notice and demand previously required were nullified by C.G.S. 37-1(b). CT Page 3653
In the present case, the agreement between the parties has not "otherwise provided." Additionally, it is clear that the $30,000.00 debt matured, or became due, by virtue of the defendant's cohabitation. Accordingly, this court concludes that, under C.G.S. § 37-1, the plaintiff was entitled to have interest accrue on the $30,000.00, at the rate of 8%, from June 22, 1992 to November 1, 1993. The defendant is hereby ordered to pay to the plaintiff interest in the amount of $3,202.00.
WALSH, J.